**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

UNITED STATES OF AMERICA *ex rel.,*  )
Laura McGraw;                                            )
THE STATE OF CALIFORNIA *ex rel.*    )
Laura McGraw;                                            )
THE STATE OF COLORADO *ex rel.*      )
Laura McGraw;                                            )
THE STATE OF CONNECTICUT *ex*         )
*rel.* Laura McGraw;                                   )
THE STATE OF DELAWARE *ex rel.*        )
Laura McGraw;                                            )
THE STATE OF FLORIDA *ex rel.*           )
Laura McGraw;                                            )
THE STATE OF GEORGIA *ex rel.*          )
Laura McGraw;                                            )
THE STATE OF HAWAII *ex rel.*            )
Laura McGraw;                                            )
THE STATE OF ILLINOIS *ex rel.,*          )
Laura McGraw;                                            )
THE STATE OF INDIANA *ex rel.,*          )
Laura McGraw;                                            )
THE STATE OF IOWA *ex rel.*               )
Laura McGraw;                                            )
THE STATE OF LOUISIANA *ex rel.,*       )
Laura McGraw;                                            )
THE STATE OF MARYLAND *ex rel.*       )
Laura McGraw;                                            )
THE STATE OF MICHIGAN *ex rel.,*        )
Laura McGraw;                                            )
THE STATE OF MINNESOTA *ex rel.*      )
Laura McGraw;                                            )
THE STATE OF MONTANA *ex rel.*         )
Laura McGraw;                                            )
THE STATE OF NEVADA *ex rel.*           )
Laura McGraw;                                            )
THE STATE OF NEW JERSEY *ex rel.*     )
Laura McGraw;                                            )
THE STATE OF NEW MEXICO *ex rel.*    )
Laura McGraw;                                            )
THE STATE OF NEW YORK *ex rel.*        )
Laura McGraw;                                            )
THE STATE OF NORTH CAROLINA         )
*ex rel.* Laura McGraw;                             )

Case No. 16-CV-3016-MWB

**TO BE FILED IN CAMERA
UNDER SEAL**

THE STATE OF OKLAHOMA *ex rel.* )
Laura McGraw; )
THE STATE OF RHODE ISLAND *ex rel.* )
Laura McGraw; )
THE STATE OF TENNESSEE *ex rel.* )
Laura McGraw; )
THE STATE OF TEXAS *ex rel.* )
Laura McGraw; )
THE STATE OF WASHINGTON *ex rel.* )
Laura McGraw; )
THE COMMONWEALTH OF )
MASSACHUSETTS *ex rel.* )
Laura McGraw; )
THE COMMONWEALTH OF )
VIRGINIA *ex rel.* Laura McGraw; )
THE DISTRICT OF COLUMBIA *ex rel.* )
Laura McGraw, )
)
     Plaintiff, )
)
  vs. )
)
HEALOGICS, INC. )
)
     Defendant. )

---

## COMPLAINT

   Plaintiff, the Relator, Laura McGraw, pursuant to the *qui tam* provisions of the Federal False Claims Act, 31 U.S.C. §§ 3729-3733 (the "FCA") and various State False Claims Acts, files this Complaint against Healogics, Inc. ("Healogics").  In support, Laura McGraw alleges as follows:

### I.  INTRODUCTION

   1.  Plaintiff and Relator Laura McGraw ("**Relator**" or "**McGraw**"), pursuant to the *qui tam* provisions of the FCA and various State False Claims Acts, files this Complaint against Defendant Healogics.

   2.  The various State False Claims Acts under which Relator McGraw asserts

false claims as to the State-funded Medicaid portion of reimbursements obtained by, or caused by, Healogics include:  California False Claims Act, Cal. Gov. Code §§12650, *et seq.*; Colorado Medicaid False Claims Act, Col. Rev. Stat. 25.5-4-304, *et seq.*; Connecticut False Claims Act For Medical Assistance Programs, Conn. Gen. Stat. Sec. 17b-301a, *et seq.*; Delaware False Claims and Reporting Act, 6 Del. C. § 1201; the District of Columbia False Claims Act, D.C. Code §§ 2-30814381.01, *et seq.*; the Florida False Claims Act, Fla. Stat. §§ 68.081 *et seq.*; Georgia State False Medicaid Claims Act., Ga. Code §§ 49-4-168, *et seq.*; the Hawaii False Claims Act, False Claims to the State, HRS §§ 661-21, *et seq.*; the Illinois False Claims Act, 740 ILCS 175, *et seq.*; the Indiana False Claims and Whistleblower Protection Act, Burns Ind. Code Ann. §§ 5-11-5.5., *et seq.*; Iowa False Claims Act, Iowa Code Ch. 685, *et seq.*; the Louisiana Medical Assistance Programs Integrity Law, La. R.S. §§ 46:437, *et seq.*; Maryland False Health Claims Act, Md. Code Ann., Health-Gen. §§ 2-601, *et seq.*; Massachusetts False Claims Act ALM GL ch. 12 §§ 5A, *et seq.*; the Michigan Medicaid False Claims Act, MCLS §§ 400.601, *et seq.*; Minnesota False Claims Act, Minn. Stat. §§ 15C.01, *et seq.*; the Montana False Claims Act, Mont Code §§ 17-8-401, *et seq.*; the Nevada False Claims Act, Submission of False Claims to State or Local Government, Nev. Rev. Stat. Ann. §§ 357.010, *et seq.*; the New Mexico False Claims Act, N.M. Stat Ann. §§ 27-14-1, *et seq.*; New Mexico Fraud Against Taxpayers Act, N.M. Stat. §§ 44-9-1, *et seq.*; New Jersey False Claims Act, N.J. Stat. § 2A:32C-1; the New York False Claims Act, NY CLS St2007 N.Y. Laws 58, Section 39, Article XIII Section 189, later amended at N.Y. State Fin, §§ 187, Law §§ 188, *et seq.*; North Carolina False Claims Act, NCGSA § 1-607, *et seq.*; Oklahoma Medicaid False Claims Act, 63 Okla. Stat. §§ 5053, *et seq.*; Rhode Island State False Claims Act., R.I. Gen. Laws §§ 9-1.1-1, *et seq.*; the Tennessee Medicaid False Claims Act, Tenn. Code Ann.

§§ 71-5-181, *et seq.;*: the Tennessee False Claim Act, Tenn. Code Ann. §§4-18-101, *et seq.*; the Texas Medicaid Fraud Prevention Act, Tex. Hum, Res. Code, §§ 36.001, *et seq.*; the Virginia Fraud Against Taxpayers Act, Va. Code Ann. §§ 8.01-216.1, *et seq.*; and, the Washington State Medicaid Fraud False Claims Act, RCWA §§ 74.66.005, *et seq.*

3.    Healogics is a for-profit Delaware corporation with its headquarters located at 5220 Belford Road, Suite 200, Jacksonville, Florida 32256.

4.    Healogics and its affiliated companies manage nearly 800 wound care centers in 46 States and sees close to 300,000 patients per year.

5.    At the various Healogics-managed wound care centers, patients receive wound care including treatment for various chronic and non-healing wounds, including venous ulcers, pressure ulcers, arterial ulcers, necrotizing infections, surgical wounds and burns, soft tissue radionecrosis, and diabetic lower extremity ulcers.

6.    In 2014, private equity firm Clayton, Dubilier & Rice acquired Healogics for $910 million.  That transaction closed in the third quarter of 2014.  In March of 2015, Healogics acquired its largest competitor, Accelecare Wound Centers, Inc., thereby creating the largest wound care center operator in the United States.

7.    During relevant times, much of the wound care services at the various Healogics wound care centers were paid for by Government healthcare programs, including Medicare, Medicaid and TRICARE.

8.    Until approximately January 1, 2016, Healogics managed a wound care center located at The Doctors Building II, 20805 West 151st Street, Suite 200, Olathe, Kansas 66061.

9.    The Healogics wound care center in Olathe, Kansas was part of a complex of buildings which included a hospital, Olathe Medical Center, which at all relevant times

has been owned and/or operated by Olathe Medical Center, Inc. ("OMC"), a Kansas corporation.

10. From about October 20, 2014 until about December 14, 2015, Relator McGraw was employed by OMC as a medical coder.

11. As a medical coder employed by OMC, Relator McGraw's duties included reviewing codes assigned by nurses and other individuals to be used for health insurance reimbursements, including Government health care programs, for health care services provided to patients at the Healogics wound care center in Olathe, Kansas.

12. During 2015, Healogics decided not to renew its contract to manage the wound care center in Olathe, Kansas at the OMC building complex. On or about December 31, 2015, Healogics ended its management of the OMC wound care center in Olathe, Kansas.

13. As described herein, services at the Healogics-managed wound care centers which were ultimately paid for by Government healthcare programs were routinely and systematically "upcoded." That is, such claims were routinely and systematically submitted under reimbursement CPT codes for "evaluation and management" ("E & M") services, more commonly known as codes for "office visits" either utilizing a higher reimbursement code than the code that should have been used for such services or utilizing a reimbursement code that was wholly inappropriate under the relevant coding guidelines.

14. More specifically, during relevant times, such submissions for reimbursement routinely and improperly utilized CPT Code 99212 or CPT Code 99213 for E & M office visits where the medical records were devoid of any indication of any clinical work performed by the relevant physician as to the patient. Where the medical

records indicate that the relevant clinical work was performed wholly by a nurse, such submissions for reimbursement must be submitted, at most, under the lower-reimbursing CPT Code 99211 pursuant to well-established billing guidelines.

15. Also, during relevant times until about December of 2014, such submissions for reimbursement were improperly upcoded utilizing "modifier 25" to add CPT Code 99213 where no reimbursement for an E & M office visit was allowed under well-established billing guidelines because the purported E & M services were not separate and distinct from billing for "debridement" of a wound, as discussed herein. Moreover, even if an E & M Code would have been allowed in such instances, utilizing CPT Code 99213 would have been unlawful "upcoding." That is, CPT Code 99213—the third highest E & M Code—was added to submissions where the medical records indicated nothing more than a physician prescribing an antibiotic as part of the debridement of the wound.

## II. JURISDICTION AND VENUE

16. Relator McGraw brings this action on behalf of the United States of America and on behalf of various States referenced herein, for violations of the FCA and the various State False Claims Acts.

17. Subject matter jurisdiction over this Federal False Claims Act action exists in this Court pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. § 1331. Pursuant to 31 U.S.C. § 3732(b), this Court has jurisdiction over the State False Claims Act claims asserted in this Complaint.

18. Personal jurisdiction over Defendant exists in this Court because Defendant Healogics transacts business in this District. More specifically, Healogics manages wound care centers at the following locations: Mercy Medical Center in Cedar Rapids,

Linn County, Iowa; St. Luke's Wound Healing and Hyperbaric Center Hiawatha in Hiawatha, Linn County, Iowa; Finley Hospital in Dubuque, Dubuque County, Iowa; Wound Care Center at Mercy Medical in Sioux City, Woodbury County, Iowa; Pocahontas Community Hospital in Pocahontas, Pocahontas County, Iowa; Trinity Wound Healing Center in Fort Dodge, Webster County, Iowa; Wound Care Center at Trinity Regional Medical Center-Webster in Webster City, Hamilton County, Iowa; Wound Care Center at Mercy Hospital in Mason City, Cerro Gordo County, Iowa; and Allen Memorial Hospital Corporation in Waterloo, Blackhawk County, Iowa.

19. Venue is proper in this District pursuant to 31 U.S.C. § 3732(a) because Defendant transacts business in this District, as described above.

20. This suit is not based upon prior public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, lawsuit or investigation; in a Government Accountability Office or Auditor General's report, hearing, audit, investigation; in news media; or in any other location as the term "publicly disclosed" is defined in 31 U.S.C. 3730(e)(4) and as defined in the various State False Claims Acts.

21. Even if there has been a public disclosure, Relator McGraw is an original source under 31 U.S.C. § 3730(e)(4) and as defined in the various State False Claims Acts. Prior to any public disclosure, Relator McGraw voluntarily disclosed to the Government the information on which allegations or transactions in a claim are based. Relator McGraw has knowledge that is independent of and materially adds to the allegations and transactions, including any publicly disclosed allegations and transactions. Relator McGraw also has direct and independent knowledge of the information on which the allegations are based. Furthermore, Relator voluntarily provided this information to the federal government and to the relevant States before

filing this action based on that information.

## II. PARTIES

22. Relator McGraw is a resident of Kansas who, from about October 20, 2014 until about December 14, 2015 was employed by OMC as a medical coder.

23. Relator McGraw's duties as a medical coder for OMC included reviewing the coding for compliance, based on the relevant medical records, for patients who received health care services at the Healogics-managed wound care center in Olathe, Kansas within the OMC building complex. In that capacity, Relator McGraw became intimately familiar with the coding/billing practices and relevant medical records of the patients at the Healogics-managed OMC wound care center.

24. The United States of America, through its agency, the Department of Health and Human Services ("HHS") and DHHS's operating division, the Center for Medicare and Medicaid Services ("CMS"), administers the Medicare program to provide health insurance for the elderly and the disabled.

25. The various States for which State False Claims Act claims are asserted herein administer and provide some of the funding to their Medicaid programs to provide health insurance to the indigent populations of those States, respectively. The United States also provides much of the funding for the States' Medicaid programs.

26. The United States Department of Defense administers the TRICARE medical program—formerly referred to as the Civilian Health and Medical Program of Uniformed Services ("CHAMPUS")—which provides benefits for health care services furnished by civilian providers, physicians, and suppliers to all active duty uniformed service members, retired members of the uniformed services, and to spouses and children of active duty, retired and deceased members of the armed services.

27.   During relevant times, the United States and the various States, the real parties in interest under the FCA and the various State False Claims Acts, respectively, have collectively paid millions of dollars annually to Healogics, and/or to its affiliated companies, and/or to its affiliated hospitals or providers based on voluminous claims submitted under the Medicare, Medicaid and TRICARE programs.

28.   Defendant Healogics is a privately-held Delaware corporation. Its headquarters are in Jacksonville, Florida.  Healogics transacts business and committed acts proscribed by the FCA within this District and elsewhere as described herein.

29.   Defendant Healogics controls, dictates, and/or trains and supervises agents regarding the coding and billing practices that are utilized at the various Healogics would care centers, including the false and fraudulent billing practices of "upcoding" described herein.

30.   Since about 2009, as to the Healogics wound care center in Olathe, Kansas alone, the billing practices, as described herein, have resulted in perhaps thousands of unlawfully upcoded reimbursement claims to Medicare, Medicaid and TRICARE.

31.   Given that the "upcoding" regarding CPT Code 99212 or 99213 regarding "nurse only" clinical services, described herein, was a standard coding practice of nurses and other agents of Healogics utilizing a Healogics-provided manual, and was expressly approved by compliance representatives at the Healogics-managed OMC wound care center  when it was brought to their attention by Relator McGraw, as described below, such "upcoding" is reasonably believed to have resulted in at least hundreds of thousands of reimbursement claims to Medicare, Medicaid and TRICARE from the approximately 800 Healogics-managed wound care centers over the last several years.

### III. GOVERNMENT HEALTHCARE PROGRAMS

32.    A health care provider must complete one or more CMS reimbursement forms (such as Form CMS-1500) to receive payments from Government health care programs such as Medicare, Medicaid or TRICARE.

33.    The provider must complete the form(s) using standardized numeric codes, called CPT Codes, which are developed by the American Medical Association.  The CPT Codes for E & M services for established patients range from Level I, for the least complicated services of low severity, to Level V, for complex services of high severity. The reimbursement rates increase for each Level.

34.    Thus, for example, as described herein, knowingly or recklessly submitting, or causing to be submitted, claims to any such Government health care program a Level II E & M CPT Code where only a Level I CPT Code would apply to the services actually provided—known in the health care industry as "upcoding"—results in the fraudulent receipt of federal (and in the case of Medicaid, State) funds.

35.    Similarly, knowingly or recklessly submitting, or causing to be submitted, claims to any such Government health care program for E & M services contemporaneous with claims for other services, such as a debridement, where established guidelines prohibit such "double dipping" except in specific, unusual circumstances that were not present results in the fraudulent receipt of federal (and in the case of Medicaid, State) funds.

### A.    MEDICARE PART B

36.    Medicare Part B is funded by the United States and by insurance premiums paid by enrolled Medicare beneficiaries.  Medicare Part B provides federal government funds to pay for physicians' services at outpatient clinics, such as the wound care centers

of Healogics.

37. CMS is the operating division of HHS charged with administering the Medicare program. CMS's functions regarding payment of claims under the Medicare program are contracted to Medicare Administrative Contractors, who are commonly referred to as "MACs," "Intermediaries," or "Carriers."

38. To obtain reimbursement from Medicare Part B, a health care provider, such as the physician providers at Healogics' wound care centers, must submit a completed a CMS form, such as a Form CMS-1500.

**B.    MEDICAID**

39. Medicaid provides medical assistance for children and aged, blind, or disabled individuals, whose income and resources are insufficient to meet the costs of necessary medical services. 42 U.S.C. § 1396-1. Medicaid is funded, in part, from funds appropriated from the United States Treasury and provided to the States. 42 U.S.C. §§ 1396-1, 1396b.

40. Though funded in part by the federal government, Medicaid programs are administered by the individual states. 42 U.S.C. § 1396a. The payment of Medicaid funds is regulated by each state pursuant to a state plan approved by the Secretary of HHS under 42 U.S.C. § 1396a. Each state establishes and administers its own Medicaid program and determines the type, amount, duration and scope of services covered within federal guidelines. States must cover certain mandatory benefits and may choose to provide other optional benefits.

41. The Medicaid programs of the various States relevant to this case include provisions for the payment for wound care services, such as the services at issue in this case.

42. To submit a claim for reimbursement from Medicaid, a provider must submit a completed CMS form, such as Form CMS-1500, as used for Medicare reimbursement.

### C. TRICARE

43. The Department of Defense administers a medical program now commonly called TRICARE, but formerly referred to as CHAMPUS, which provides benefits for health care services furnished by civilian providers, physicians, and suppliers to all active duty uniformed service members, retired members of the uniformed services, and to spouses and children of active duty, retired, and deceased uniformed service members. The term "uniformed services" includes the Army, Navy, Air Force, Marine Corps, Coast Guard, and the Commissioned Corps of the U.S. Public Health Service and of the National Oceanic and Atmospheric Administration. The payment of TRICARE claims are also governed by laws, rules, regulations and standards published by the Secretary of Defense or TRICARE.

44. Services provided by physicians at institutional outpatient facilities such as Healogics' wound care centers are reimbursable by TRICARE.

45. TRICARE is a secondary payor to all other payors except Medicaid. 32 C.F.R. § 199.8(a).

46. To submit a claim for reimbursement from Medicaid, a provider must submit a completed CMS form, such as Form CMS-1500, as used for Medicare reimbursement.

### V. BACKGROND INFORMATION REGARDING HEALOGICS

47. Healogics is based in Jacksonville, Florida and has contracts with hospitals throughout almost every State in the United States to treat wound care patients.

48. Physicians at Healogics' wound care centers are either employed directly by Healogics or operate their local wound care practices as independent contractors with

Healogics.

49. During relevant times, the physicians at the Healogics wound care center at OMC in Olathe, Kansas included, but were not limited to, Dr. Douglas M. Kelling, D.O., Dr. Michael R. Dawdy, M.D., and Dr. Kenneth A. Newman, M.D.

50. At each facility, Healogics employs a "Program Director." The Program Director oversees the day-to-day operations of the wound care center and is responsible for the revenue and cost management of the center.

51. From about December of 2009 until about November of 2014, Scott Miller was employed as Healogics' Program Director at the OMC wound care center in Olathe, Kansas. Prior to working as a Program Director for Healogics, Mr. Miller held various high-level business positions with Healogics from about April of 2005 until about March of 2008 at various Healogics facilities, including in Blue Springs, Missouri, Providence, Rhode Island, and San Antonio, Texas. Mr. Miller currently works as an Account Executive for MiMedx in the Kansas City area.

52. After Scott Miller's departure as Healogics' Program Director at OMC, Erin Sullivan replaced Mr. Miller in that Program Director position.

53. Scott Miller's departure as Healogics' Program Director at OMC in November of 2014 coincided with Relator McGraw raising compliance issues regarding the use of CPT Codes 99212 and 99213, as described herein.

54. The contract between OMC and Healogics was not extended beyond the end of 2015; thus, as of January 1, 2016, the wound care center within the OMC complex of buildings in Olathe, Kansas is no longer managed by Healogics.

## VI. RELATOR DISCOVERS HEALOGICS' UPCODING SCHEMES

55. There is a set of five reimbursement codes that correspond to five levels of E

& M office visits for *established* patients (that is, patients for whom the E & M office visit at issue is not the patient's first such office visit to the facility). Those five reimbursement codes that correspond to the five levels of E & M office visits are CPT Codes 99211, 99212, 99213, 99214 and 99215, respectively.

## A. IMPROPER USE OF CPT CODES 99212 and 99213 for NURSE-ONLY CLINICAL SERVICES

56. The lowest level of those five E & M CPT Codes is CPT Code 99211.

57. CPT Code 99211 is sometimes referred to as "the nurse's Code" because it is the only level of such Codes allowed where the medical records do not substantiate that the relevant physician (or, as the case may be, the relevant nurse practitioner or physician's assistant) engaged in any "evaluation and management" clinical activity on behalf of the patient during the office visit. That is, where the medical records indicate that the clinical services were provided only by a nurse, nurse's aide, or some other staff member below the level of the relevant physician, the only E & M CPT Code allowed is the lowest-reimbursing of the five CPT Codes—99211.

58. To justify use of CPT Codes 99211, the relevant physician need only be somewhere on the premises to be available for supervision or consultation with the staff member providing the clinical services to the patient.

59. As to the required documentation of the physician's services to justify the use of any of these five E & M CPT Codes, only the lowest Code—Code 99211—does not require documentation of "key components" of such services (described below) provided by the physician.

60. Pursuant to the nature of health care services provided at the Healogics-managed wound care centers, patients frequently make office visits which result in

clinical services rendered only by a nurse or other staff member below the level of the relevant physician. That is, patients regularly receive services that involve nothing more than changing dressings, bandages or wraps, with or without topical treatments to a wound, or other similar services.

61. CPT Code 99212 is defined as an office visit or other outpatient visit involving E & M services provided by the physician to an established patient which requires at least 2 of the following 3 components: 1) a problem focused medical history; 2) a problem focused medical examination; and/or 3) straightforward medical decision making. Cases under CPT Code 99212 typically involve E & M services by the physician for a medical issue that is "self-limited" or a "minor problem." E & M services under CPT Code 99212 are expected to require the physician to spend about 10 minutes of face-to-face time with the patient.

62. CPT Code 99213 is defined as an office visit or other outpatient visit involving E & M services provided by the physician to an established patient which requires at least 2 or the following 3 components: 1) an expanded problem focused medical history; 2) an expanded problem focused medical examination; and/or 3) medical decision making of low complexity. Cases under CPT Code 99213 typically involve E & M services by the physician for a medical issue that is "self-limited" or a "minor problem." E & M services under CPT Code 99213 are expected to require the physician to spend about 15 minutes of face-to-face time with the patient.

63. During the first few weeks of her employment with OMC as a medical coder in October of 2014, Relator McGraw reviewed files involving claims that had been submitted to insurers going back to July of 2014, as well as files for claims that had yet to be submitted to insurers.

64. In reviewing the coding and corresponding medical records regarding office visits by patients at the Healogics wound care center at OMC in Olathe, Kansas, Relator McGraw discovered an enormous number of claims for which nurses at the wound care center utilized CPT Code 99212 or 99213.

65. Relator McGraw discovered that the medical files corresponding to all, or virtually all, of the claims utilizing CPT Code 99212 or 99213 for dressing, redressing, wrapping or rewrapping wounds involved no documentation to show that the relevant physician conducted any clinical work during the office visit; the documentation in the medical records indicated that the only clinical work performed on behalf of the patient was done by a nurse, typically involving some form of changing dressings or re-wrappings of a wound. While between about 60 to 70 percent of such cases were coded with Code 99212, the other cases, between 30 and 40 percent, were coded with Code 99213. As described herein, the only E & M Code allowed in such "nurse-only" documented clinical office visits is CPT Code 99211.

A. **IMPROPER USE OF MODIFIER 25 AND CPT CODE 99213**

66. Again, CPT Code 99213 is defined as an office visit or other outpatient visit involving E & M services provided by the physician to an established patient that requires at least 2 or the following 3 components: 1) an expanded problem focused medical history; 2) an expanded problem focused medical examination; and/or 3) medical decision making of low complexity. Cases under CPT Code 99213 typically involve E & M services by the physician for a medical issue that is "self-limited" or a "minor problem." E & M services under CPT Code 99213 are expected to require the physician to spend about 15 minutes of face-to-face time with the patient.

67. One common type of wound treatment performed at Healogics' wound care

centers is "debridement." Debridement is the removal of unhealthy tissue from a wound in order to promote healing.

68. When a provider bills a Government health care program for debridement services, the generally applicable rule is that the provider can submit for reimbursement of the debridement itself, using one of several CPT Codes specific to debridement, and the provider is prohibited from adding to the submission any claim for E & M services that are typically commensurate with a debridement.

69. In order to bill for any E & M services along with debridement services, the provider must use "modifier 25" on the relevant CMS form.

70. "Modifier 25," however, may only be used in specified, limited instances. That is, Modifier 25 for billing E & M services contemporaneously with certain other services, such as a debridement, is allowed only if the physician performed "significant, separately identifiable" evaluation and management services for the patient beyond the usual pre-operative and/or post-operative work involved in a debridement. Stated conversely, where the purported E & M service is encompassed within the "global" scope of the debridement, such E & M service is not a "significant, separately identifiable" service from the debridement, and billing for any such E & M service constitutes improper upcoding.

71. During her first few weeks of employment as a coder at OMC, while reviewing the coding and corresponding medical records regarding office visits by patients at the Healogics wound care center at OMC in Olathe, Kansas, Relator McGraw discovered many claims involving debridement for which another coder in the OMC office, Sandra Ferguson, had added CPT Code 99213 to the claim forms after the relevant nurse had coded it for the debridement. Specifically, where the medical records

showed that, in addition to performing the debridement, the physician wrote a prescription for an antibiotic to treat or prevent infection from the same wound that was the subject of the debridement, Ms. Ferguson would add CPT Code 99213—the Level III E & M Code—by using Modifier 25.

72. In such cases, the addition of *any* E & M Code was improper due to the lack of any E & M service that was "significant, separately identifiable" from the debridement. Thus, the addition of E & M Code 99213 by Ms. Ferguson constituted improper upcoding.

73. Even if some level of E & M would have been allowed in such instances, the use of CPT Code 99213, the Level III Code, would not have been justified. That is, where a physician merely inspected a wound for infection and wrote a prescription for an antibiotic, such services would not constitute engaging in an "expanded problem focused medical examination" that would typically require anywhere near 15 minutes of a physician's time. Thus, such clinical activity by the physician would obviously fall far short of the requirements to bill under CPT Code 99213.

**VII.   HEALOGICS' RESPONSE TO RELATOR'S REPORTING OF IMPROPER CODING**

74. After working as a coder at OMC for only a few weeks, it became obvious to Relator McGraw that the improper use of CPT Codes 99212 and 99213 for "nurse-only" clinical services and Modifier 25 with CPT Code 99213 along with debridement services performed at the Healogics wound care center were consistently done.

75. More specifically, the use of CPT Codes 99212 and 99213 in "nurse-only" clinical cases appeared to be not just consistent, but systematic as to Healogics' wound care centers. That is, it was obvious that the nurses at the OMC Healogics wound care

center had been trained and instructed, as a matter of course, to code their dressing, redressing, wrapping or rewrapping of wounds with CPT Codes 99212 or 99213. In determining their use of billing codes, the nurses relied on a Healogics coding manual that was not created specifically by, or limited for use at, the OMC wound care center— the Healogics coding manual was a centrally-created, corporate-wide document.

76. The use of Modifier 25 and CPT Code 99213 in debridement cases appeared to be less systematic, but was consistent at the OMC Healogics wound care center. The nurses who made the initial coding determinations based on the Healogics coding manual did not add E & M CPT Code 99213 to debridement cases involving a prescription for antibiotics; CPT Code 99213 was added to such claims by Ms. Ferguson in the coding office. That is, in cases where the medical records showed that as part of the debridement procedure the physician wrote a prescription for an antibiotic, using Modifier 25, Ms. Ferguson added CPT Code 99213 for Level III E & M services by the physician.

77. Relator McGraw believed that the medical records she reviewed indicated that the Healogics wound care center at OMC was improperly using CPT Codes 99212 and 99213 for nurse-only services, and improperly using Modifier 25 and CPT Code 99213 in debridement cases, as described above.

78. Although she had only been on the job since about October 20, 2014, Relator McGraw arranged for two meetings during November of 2014 with both her immediate supervisor, Cherie Tafoya, and Cathy Erkmann, the Health Information Management Director of Healogics' OMC wound care center, regarding these two billing issues. During those meetings, Relator McGraw stressed to her superiors that the medical records consistently failed to support the use of Codes 99212 and 99213 for nurse-only

services, and that Modifier 25 was being improperly used to add Code 99213 for debridement cases, as described herein.

79.  Relator McGraw's concerns culminated in a meeting with a "compliance team" on December 9, 2014.  The attendees at that meeting included Relator McGraw, fellow coder Sandra Ferguson, their immediate supervisor Cheri Tafoya, and two compliance officers, Julia Gonzalez and Meredith Drummond.

80.  As a result of the December 9, 2014 compliance team meeting, it was decided that the addition of E & M CPT Code 99213 to debridement cases would end.

81.  Nonetheless, no representatives of Healogics or OMC ever notified CMS or any other governmental department or division regarding claims that had been submitted over the years where Code 99213 had been added in debridement cases.

82.  As a result of the December 9, 2014 compliance team meeting, it was decided that the use of E & M CPT Code 99212 for cases involving "nurse-only" documentation of clinical services would continue, but that the use of Code 99213 in such cases would be discontinued. In making that decision, Ms. Gonzalez and Ms. Drummond expressed the view that utilizing Code 99212 in such instances was justified to cover the costs of facilities and equipment.

83.  Pursuant to that decision in December of 2014, despite the concerns raised by Relator McGraw, the use of CPT Code 99212 for E & M services where the medical records were devoid of any evidence of clinical work above the level of a nurse continued unabated.

## COUNT ONE
## FALSE CLAIMS ACTION VIOLATION PURSUANT TO
## 31 U.S.C. § 3729(a)(1)(A)

84.  Relator realleges and incorporates by reference the allegations previously

alleged herein.

85.    Defendant undertook the actions relating to the conduct alleged above either individually or when their officers, members, agents, and employees authorized its various officers, members, agents, and employees to take the actions relating to the conduct alleged above.

86.  By knowingly or recklessly presenting, or causing to be presented, claims for payment for services rendered to Medicare, Medicaid and TRICARE beneficiaries when Defendant knew, or absent recklessness should have known, that such claims were "upcoded," Defendant knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval to the United States and/or the United States' contractors, grantees, or other recipients in violation of 31 U.S.C. § 3729(a)(1)(A).

87.  Defendant "knowingly" violated the False Claims Act, as that term is defined in 31 U.S.C. § 3729(b)(1).  As to each of the above allegations, Defendant acted with actual knowledge of falsity of the alleged information, in deliberate disregard of the truth or falsity of the alleged information, and/or in reckless disregard of the truth or falsity of the alleged information.

88.  The United States, unaware of the false or fraudulent nature of these claims, paid such claims when it would not otherwise have paid had it known the truth.

89.  By knowingly violating 31 U.S.C. § 3729(a)(1)(A), Defendants damaged the United States.

**COUNT TWO**
**FALSE CLAIMS ACT VIOLATION PURSUANT TO**
**31 U.S.C. § 3729(a)(1)(B)**

90.  Relator realleges and incorporates by reference the allegations previously alleged herein.

91. Defendant undertook the actions relating to the conduct alleged above either individually or when their officers, members, agents, and employees authorized its various officers, members, agents, and employees to take the actions relating to the conduct alleged above.

92. By causing the upcoded claims to be filed for payments from Medicare, Medicaid and TRICARE, Defendant knowingly made or caused to be made a false record or statement material to a false or fraudulent claim in violation of 31 U.S.C. § 3729(a)(1)(B).

93. Defendant "knowingly" violated the False Claims Act, as that term is defined in 31 U.S.C. § 3729(b)(1). As to each of the above allegations, Defendant acted with actual knowledge of the falsity of the alleged information, in deliberate disregard of the truth or falsity of the alleged information, and/or in reckless disregard of the truth or falsity of the alleged information.

94. The United States Government, unaware of the false or fraudulent nature of these claims, paid such claims when they would not otherwise have paid had it known the truth.

95. By knowingly violating 31 U.S.C. § 3729(a)(1)(B), Defendant damaged the United States.

## COUNT THREE
## REVERSE FALSE CLAIMS ACTION VIOLATION PURSUANT TO
## 31 U.S.C. § 3729(a)(1)(G)

96. Relator realleges and incorporates by reference the allegations previously alleged herein.

97. Defendant undertook the actions relating to the conduct alleged above either individually or when their officers, members, agents, and employees authorized its

various officers, members, agents, and employees to take the actions relating to the conduct alleged above.

98. By failing to remediate or reconcile with the United States as it improperly received funds pursuant to the upcoded claims to Medicare, Medicaid and TRICARE, Defendant knowingly failed to pay or transmit money or property to the Government and knowingly concealed and/or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the Government in violation of 31 U.S.C. § 3729(a)(1)(G).

99. By knowingly violating 31 U.S.C. § 3729(a)(1)(G), Defendant damaged the United States.

## COUNT FOUR
## CONSPIRACY TO SUBMIT FALSE CLAIMS IN VIOLATION OF
## 31 U.S.C. § 3729(a)(1)(C)

100. Relator realleges and incorporates by reference the allegations previously alleged herein.

101. Defendant undertook the actions relating to the conduct alleged above either individually or when their officers, members, agents, and employees authorized its various officers, members, agents, and employees to take the actions relating to the conduct alleged above.

102. Defendant entered into agreements with each of its partner hospitals and conspired to defraud the United States by submitting, or causing to be submitted, false of fraudulent claims for reimbursement from the United States, acting through its programs, Medicare, Medicaid and TRICARE, for money to which they were not entitled, in violation of 31 U.S.C. § 3729(a)(3) and 31 U.S.C. § 3729(a)(1)(C).

103.     As part of the schemes and agreements to obtain reimbursement from the United States in violation of federal law, Defendant conspired to file, or cause to be filed, "upcoded" billings for E & M services, and to cause the United States to pay claims for health care services based on false claims, false statements, and false records that the services were provided in conformity with the CPT Codes utilized.

WHEREFORE, Relator McGraw respectfully requests this Court to award the following relief to the following parties and against Defendant:

To the United States:

(1) Three times the amount of actual damages which the United States has sustained as a result of the Defendant Healogics' conduct;

(2) A civil penalty of no less than $5,500 and up to $11,000 for each false claim which Defendant Healogics presented or caused to be presented to the United States;

(3) Prejudgment interest;

(4) All costs incurred in bringing this action; and

(5) Such further relief as this Court deems equitable and just.

To Relator McGraw:

(1) The maximum amount allowed pursuant to 31 U.S.C. § 3730(d) and/or any other applicable provision of law;

(2) Reimbursement for reasonable expenses which Relator incurred in connection with this action;

(3) An award of reasonable attorneys' fees and costs; and

(4) Such further relief as this Court deems equitable and just.

**COUNT FIVE**
**CALIFORNIA FALSE CLAIMS ACT**
**Cal. Gov't. Code §§ 12650, *et seq*.**

104.     Relator McGraw realleges and incorporates by reference the allegations

previously alleged herein.

105.     This is a qui tam action brought by Relator McGraw on behalf of the State

of California to recover treble damages and civil penalties under the California False

Claims Act, Cal. Gov't. Code §§ 12650, *et seq*.

106.     Cal. Gov't Code § 12651(a) provides liability for any person who:

(1) Knowingly presents, or causes to be presented, to an officer or employee of the state or of any political division thereof; a false claim for payment or approval;

(2) Knowingly makes, uses, or causes to be made or used a false record or statement to get a false claim paid or approved by the state or by any political subdivision;

(3) Conspires to defraud the state or any political subdivision by getting a false claim allowed or paid by the state or by any political subdivision.

(4) Is a beneficiary of an inadvertent submission of a false claim to the state or a political subdivision, subsequently discovers the falsity of the claim, and fails to disclose the false claim to the state or the political subdivision within a reasonable time after discovery of the false claim.

107.     Defendant violated Cal. Gov't Code § 12651(a)(1), (2), (3) and (4) by the

aforementioned conduct and failed to disclose the falsity of the claims, or return

amounts paid upon said false claims within reasonable time after discovery of the false

claim.

108.     The State of California, by and through the California Medicaid program

(MediCal) and other state healthcare programs, and unaware of Defendant's conduct,

paid the claims submitted by Defendant and/or third parties in connection therewith.

109.     Compliance with applicable Medicare, MediCal and the various other

federal and state laws cited herein was an implied, and upon information and belief, also

an express condition of payment of claims submitted to the State of California in

connection with Defendant's conduct. Compliance with applicable California statutes and regulations was also an express condition of payment of claims submitted to the State of California.

110.    Had the State of California known that false representations and false records were made regarding the above conduct, it would not have paid the claims submitted by Defendant Healogics and/or third parties in connection with that conduct.

111.    As a result of Defendant's violations of Cal. Gov't Code § 12651(a), the State of California has been damaged in an amount far in excess of millions of dollars exclusive of interest.

112.    Relator McGraw is a private citizen with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to Cal. Gov't Code §12652(c) on behalf of the State of California.

113.    This Court is requested to accept pendant jurisdiction over this related State claim as it is predicated upon the same nucleus of operative facts as the federal claim, and merely asserts separate damages to the State of California in the operation of its Medicaid program.

WHEREFORE, Relator McGraw respectfully requests this Court to award the following relief to the following parties and against Defendant:

To the State of California:

(1) Three times the amount of actual damages which the state of California has sustained as a result of the Defendant Healogics' conduct;

(2) A civil penalty of no less than $5,500 and up to $11,000 for each false claim which Defendant Healogics presented or caused to be presented to the State of California;

(3) Prejudgment interest; and

(4) All costs incurred in bringing this action.

(5) Such further relief as this Court deems equitable and just.

To Relator McGraw:

(1) The maximum amount allowed pursuant to Cal. Gov't Code § 12652 and/or any other applicable provision of law;

(2) Reimbursement for reasonable expenses which Relator incurred in connection with this action;

(3) An award of reasonable attorneys' fees and costs; and

(4) Such further relief as this Court deems equitable and just.

## COUNT SIX
## COLORADO MEDICAID FALSE CLAIMS ACT
## CRSA § 25.5-4-305

114.   Relator McGraw realleges and incorporates by reference the allegations previously alleged herein.

115.   This is a qui tam action brought by Relator McGraw on behalf of the state of Colorado to recover treble damages and civil penalties under CRSA § 25.5-4-305.

116.   The Colorado Medicaid False Claims Act provides liability for any person who:

(a) Knowingly presents, or causes to be presented, to an officer or employee of the state a false or fraudulent claim for payment or approval;

(b) Knowingly makes, uses, or causes to be made or used a false record or statement material to a false or fraudulent claim;

(f) Knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the state in connection with the "Colorado Medical Assistance Act", or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the state in connection with the "Colorado Medical Assistance Act";

(g) Conspires to commit a violation of paragraphs (a) to (f) of this subsection (1).

117.    Defendant Healogics violated CRSA § 25.5-4-305(a), (b), (f), and (g) by virtue of the aforementioned conduct and failed to disclose the falsity of its claims, or return amounts paid upon said false claims within reasonable time after discovery of the false claim.

118.    The State of Colorado, by and through the Colorado Medicaid program and other state healthcare programs, and unaware of Defendant Healogics' conduct, paid the claims submitted by Defendant and/or third parties in connection therewith.

119.    Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Colorado in connection with Defendant Healogics' conduct. Compliance with applicable Colorado statutes and regulations was also an express condition of payment of claims submitted to the State of Colorado.

120.    Had the State of Colorado known that false representations and false records were made regarding the above conduct, it would not have paid the claims submitted by Defendant Healogics and/or third parties in connection with that conduct.

121.    As a result of Defendant Healogics' violations of the Colorado Medicaid False Claims Act, the State of Colorado has been damaged.

122.    Relator McGraw is a private citizen with direct and independent knowledge of the allegations of this Complaint, who has brought this action on behalf of the State of Colorado.

123.    This Court is requested to accept pendant jurisdiction over this related State claim as it is predicated upon the same nucleus of operative facts as the federal claim, and merely asserts separate damages to the State of Colorado in the operation of

its Medicaid program.

WHEREFORE, Relator McGraw respectfully requests this Court to award the following relief to the following parties and against Defendant Healogics:

To the state of Colorado:

(1) Three times the amount of actual damages which the State of Colorado has sustained as a result of the Defendant Healogics' conduct;

(2) A civil penalty of up to $10,000 for each false claim which Defendant Healogics Hospitals presented or caused to be presented to the State of Colorado;

(3) Prejudgment interest; and

(4) All costs incurred in bringing this action.

(5) Such further relief as this Court deems equitable and just.

To Relator McGraw:

(1) The maximum amount allowed pursuant to the Colorado Medicaid False Claims Act and/or any other applicable provision of law;

(2) Reimbursement for reasonable expenses which Relator incurred in connection with this action;

(3) An award of reasonable attorneys' fees and costs; and

(4) Such further relief as this Court deems equitable and just.

## COUNT VII
## CONNECTICUT FALSE CLAIMS ACT
### Conn. Gen. Stat. Sec. 4-274, *et seq*.

124. Relator McGraw realleges and incorporates by reference the allegations previously alleged herein.

125. This is a qui tam action brought by Relator McGraw on behalf of the State of Connecticut to recover treble damages and civil penalties under the Connecticut False Claims Act for Medical Assistance Programs, Conn. Gen. Stat. Sec. 4-274, *et seq*.

126. Conn. Gen. Stat. Sec. 4-275(a)(1) and (2) provides liability for any person who "knowing presents, or causes to be presented" a false or fraudulent claim for payment" or "knowingly makes, uses, or causes to be made or used, a false or fraudulent statement material to a false or fraudulent claim."

127. In addition, Conn. Gen Stat. Sec. 4-275(a)(3) prohibits a conspiracy to commit a violation of the section.

128. Defendant Healogics violated the Connecticut False Claims Act for Medical Assistance Programs, Conn. Gen. Stat. Sec. 4-274, *et seq.* by virtue of the aforementioned conduct.

129. The State of Connecticut, by and through the Connecticut Medicaid program and other state healthcare programs, and unaware of Defendant Healogics' conduct, paid the claims submitted by Defendant and/or third parties in connection therewith.

130. Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Connecticut in connection with Defendant Healogics' conduct. Compliance with applicable Connecticut statutes and regulations was also an express condition of payment of claims submitted to the State of Connecticut.

131. Had the State of Connecticut known that false representations and false records were made regarding the above conduct, it would not have paid the claims submitted by Defendant Healogics and/or third parties in connection with that conduct.

132. As a result of Defendant Healogics' violations of the Connecticut False Claims Act for Medical Assistance Programs, Conn. Gen. Stat. Sec. 17b-301a, *et seq*., the

State of Connecticut has been damaged.

133.   Relator McGraw is a private citizen with direct and independent knowledge of the allegations of this Complaint, who has brought this action on behalf of the State of Connecticut.

134.   This Court is requested to accept pendant jurisdiction over this related state claim as it is predicated upon the same exact facts as the federal claim, and merely asserts separate damages to the state of Connecticut in the operation of its Medicaid program.

WHEREFORE, Relator McGraw respectfully requests this Court to award the following relief to the following parties and against Defendant Healogics:

To the State of Connecticut:

(1) Three times the amount of actual damages which the State of Connecticut has sustained as a result of the Defendant Healogics' conduct;

(2) A civil penalty of up to $11,000 for each false claim which Defendant Healogics presented or caused to be presented to the State of Connecticut;

(3) Prejudgment interest; and

(4) All costs incurred in bringing this action.

(5) Such further relief as this Court deems equitable and just.

To Relator McGraw:

(1) The maximum amount allowed pursuant to the Connecticut False Claims Act for Medical Assistance Programs, and/or any other applicable provision of law;

(2) Reimbursement for reasonable expenses which Relator incurred in connection with this action;

(3) An award of reasonable attorneys' fees and costs; and

(4) Such further relief as this Court deems equitable and just.

## COUNT EIGHT
## DELAWARE FALSE CLAIMS AND REPORTING ACT
## 6 Del. C. § 1201(a)

135. Relator McGraw realleges and incorporates by reference the allegations previously alleged herein.

136. This is a qui tam action brought by Relator McGraw on behalf of the State of Delaware to recover treble damages and civil penalties under the Delaware False Claims and Reporting Act, Title 6, Chapter 12 of the Delaware Code. 6 Del. C. § 1201(a) provides liability for any person who:

> (1) knowingly presents, or causes to be presented, directly or indirectly, to an officer or employee of the government a false or fraudulent claim for payment or approval;

> (2) knowingly makes, uses, or causes to be made or used, directly or indirectly, a false record or statement to get a false or fraudulent claim paid or approved; or

> (3) conspires to defraud the government by getting a false or fraudulent claim allowed or paid.

137. Defendant Healogics violated 6 Del. C. § 1201(a)(1), (2) and (3) by conspiring to and knowingly causing false claims to be made, used and presented to the State of Delaware, by knowingly making, using, or causing to made or used false records to get said false claims paid.

138. The State of Delaware, by and through the Delaware Medicaid program and other state healthcare programs, and unaware of the Defendant's conduct, paid the claims submitted by Defendant Healogics and third party payers in connection therewith.

139. Compliance with applicable Medicare, Medicaid and the various other

federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Delaware in connection with Defendant Healogics' conduct. Compliance with applicable Delaware statutes and regulations was also an express condition of payment of claims submitted to the State of Delaware.

140.   Had the State of Delaware known that false representations and false records were made regarding the above conduct, it would not have paid the claims submitted by Defendant Healogics and/or third parties in connection with that conduct.

141.   As a result of Defendant Healogics' violations of 6 Del. C. § 1201(a), the State of Delaware has been damaged.

142.   Relator McGraw is a private citizen with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to 6 Del. C. § 1203(b) on behalf of themselves and the state of Delaware.

143.   This Court is requested to accept pendant jurisdiction of this related State claim as it is predicated upon the same nucleus of operative facts as the federal claim, and merely asserts separate damage to the State of Delaware in the operation of its Medicaid program.

WHEREFORE, Relator McGraw respectfully requests this Court to award the following relief to the following parties and against Defendant Healogics:

To the State of Delaware:

(1)  Three times the amount of actual damages which the state of Delaware has sustained as a result of Defendant Healogics' conduct;

(2)  A civil penalty of not less than $5,500 and not more than $11,000 for each false claim which Defendant Healogics caused to be presented to the State of Delaware;

(3) Prejudgment interest; and

(4) All costs incurred in bringing this action.

(5) Such further relief as this Court deems equitable and just.

To Relator McGraw:

(1) The maximum amount allowed pursuant to 6 Del C. § 1205, and/or any other applicable provision of law;

(2) Reimbursement for reasonable expenses which Relator incurred in connection with this action;

(3) An award of reasonable attorneys' fees and costs; and

(4) Such further relief as this Court deems equitable and just.

## COUNT NINE
## FLORIDA FALSE CLAIMS ACT
## Fla. Stat. §§ 68.081, *et seq.*

144.    Relator McGraw realleges and incorporates by reference the allegations previously alleged herein.

145.    This is a qui tam action brought by Relator McGraw on behalf of the State of Florida to recover treble damages and civil penalties under the Florida False Claims Act, Fla. Stat. §§ 68.081, *et seq.* Fla. Stat. § 68.082(2) provides liability for any person who:

(1) knowingly presents, or causes to be presented, to an officer or employee of an agency a false or fraudulent claim for payment or approval;

(2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by an agency;

(3) conspires to submit a false claim to an agency or to deceive an agency for the purpose of getting a false or fraudulent claim allowed or paid.

146.    Defendant Healogics conspired to, and did in fact violate Fla. Stat. § 68.082(2)(a), (b) and (c) by knowingly causing false claims to be made, used and

presented to the State of Florida, by its deliberate and systematic violation of federal and state laws, and by knowingly making using or causing to me made or used false records or statements to get said false claims paid.

147. The State of Florida, by and through the Florida Medicaid program and other state healthcare programs, and unaware of Defendant Healogics' conduct, paid the claims submitted by Defendant Healogics and/or third parties in connection therewith.

148. Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Florida in connection with Defendant Healogics' conduct. Compliance with applicable Florida statutes and regulations was also an express condition of payment of claims submitted to the State of Florida.

149. Had the State of Florida known that false representations and false records were made in regard to the above conduct, it would not have paid the claims submitted by Defendant Healogics and/or third parties in connection with that conduct.

150. As a result of Defendant Healogics' violations of Fla. Stat. § 68.082(2), the State of Florida has been damaged.

151. Relator McGraw is a private citizen with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to Fla. Stat. § 68.083(2) on behalf of the State of Florida.

152. This Court is requested to accept pendant jurisdiction of this related State claim as it is predicated upon the same nucleus of operative facts as the federal claim, and merely asserts separate damage to the State of Florida in the operation of its Medicaid program.

WHEREFORE, Relator McGraw respectfully request this Court to award the

following relief to the following parties and against Defendant Healogics:

To the State of Florida:

(1) Three times the amount of actual damages which the State of Florida has sustained as a result of Defendant Healogics' conduct;

(2) A civil penalty of not less than $5,500 and not more than $11,000 for each false claim which Defendant Healogics caused to be presented to the State of Florida;

(3) Prejudgment interest;

(4) All costs incurred in bringing this action; and

(5) Such further relief as this Court deems equitable and just.

To Relator McGraw:

(1) The maximum amount allowed pursuant to Fla. Stat. § 68.085 and/or any other applicable provision of law;

(2) Reimbursement for reasonable expenses which Relator incurred in connection with this action,

(3) An award of reasonable attorneys' fees and costs; and

(4) Such further relief as this Court deems equitable and just.

## COUNT TEN
## GEORGIA FALSE MEDICAID CLAIMS ACT
## O.C.G.A. §§ 49-4-168 (2008), *et seq.*

153. Relator McGraw realleges and incorporates by reference the allegations previously alleged herein.

154. This is a qui tam action brought by Relator McGraw on behalf of the State of Georgia to recover treble damages and civil penalties under the Georgia False Medicaid Claims Act, O.C.G.A. §§ 49-4-168 (2008), *et seq.*

155. O.C.G.A. § 49-4-168.1(a) provides liability for any person who:

(1) knowingly presents, or causes to be presented to the Georgia

Medicaid program a false or fraudulent claim for payment or approval;

(2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Georgia Medicaid program;

(3) conspires to defraud the Georgia Medicaid program by getting a false or fraudulent claim allowed or paid.

156. Defendant Healogics violated O.C.G.A. § 49-4-168.1(a)(1), (2) and (3) by engaging in the conduct described herein and knowingly caused false claims to be made, used and presented to the State of Georgia by its deliberate and systematic violation of federal and state laws. Further, Defendant Healogics knowingly made, used, or caused to be made or used false records or statements in order to get said false claims paid by the State of Georgia. The Defendant acted together with its partner hospitals in a conspiracy to defraud the Georgia Medicaid program.

157. The State of Georgia, by and through the Georgia Medicaid program and other state healthcare programs, and unaware of Defendant Healogics' conduct, paid the claims submitted by Defendant and/or third parties in connection therewith.

158. Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Georgia in connection with Defendant Healogics' conduct.

159. Had the State of Georgia known that false representations were made, or false records used, in regard to the above conduct, it would not have paid the claims submitted by Defendant Healogics and/or third party payers in connection with that conduct.

160. As a result of Defendant Healogics' violations of O.C.G.A. § 49-4-168, the

State of Georgia has been damaged.

161.    Relator McGraw is a private citizen with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to O.C.G.A. § 49- 4-168 on behalf of the State of Georgia.

162.    This Court is requested to accept pendant jurisdiction of this related State claim as it is predicated upon the same nucleus of operative facts as the federal claim, and merely asserts separate damage to the State of Georgia in the operation of its Medicaid program.

WHEREFORE, Relator McGraw respectfully request this Court to award the following relief to the following parties and against Defendant Healogics:

To the State of Georgia:

(1) Three times the amount of actual damages which the State of Georgia has sustained as a result of Defendant Healogics' conduct;

(2) A civil penalty of not less than $5,500 and not more than $11,000 for each false claim Defendant Healogics caused to be presented to the State of Georgia;

(3) Prejudgment interest; and

(4) All costs incurred in bringing this action.

(5) Such further relief as this Court deems equitable and just.

To Relator McGraw:

(1) The maximum amount allowed pursuant to O.C.G.A. § 49-4-168 and/or any other applicable provision of law;

(2) Reimbursement for reasonable expenses which Relator incurred in connection with this action;

(3) An award of reasonable attorneys' fees and costs; and

(4) Such further relief as this Court deems equitable and just.

## COUNT ELEVEN
## HAWAII FALSE CLAIMS ACT
## Haw. Rev. Stat. §§ 661-21, *et seq.*

163.    Relator McGraw realleges and incorporates by reference the allegations previously alleged herein.

164.    This is a qui tam action brought by Relator McGraw on behalf of the State of Hawaii to recover treble damages and civil penalties under the Hawaii False Claims Act, Haw. Rev. Stat. §§ 661-21, *et seq.*

165.    Haw. Rev. Stat. § 661-21(a) provides liability for any person who:

(1) knowingly presents, or causes to be presented, to an officer or employee of the state a false or fraudulent claim for payment or approval;

(2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the state;

(3) conspires to defraud the state by getting a false or fraudulent claim allowed or paid; or

(4) is a beneficiary of an inadvertent submission of a false claim to the State, who subsequently discovers the falsity of the claim, and fails to disclose the false claim to the State within a reasonable time after  discovery   of the false claim.

166.    Defendant Healogics conspired to, and did in fact, violate Haw. Rev. Stat. § 661-21(a)(1),(2),(3), and (8) by knowingly causing false claims to be made, used and presented to the State of Hawaii by its deliberate and systematic violation of federal and state laws, and by knowingly making, using, or causing to be made or used, false records or statements to get said false claims paid by the state and failed to disclose the falsity of their claims, or return amounts paid upon said false claims within a reasonable time after discovery of the false claim.

167.    The State of Hawaii, by and through the Hawaii Medicaid program and

other state healthcare programs, and unaware of Defendant Healogics' conduct, paid the claims submitted by Defendant and/or third parties in connection therewith.

168.    Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Hawaii in connection with Defendant Healogics' conduct.

169.    Had the State of Hawaii known that false representations were made in regard to the above conduct, it would not have paid the claims submitted by Defendant Healogics and/or third parties in connection with that conduct.

170.    As a result of Defendant Healogics' violations of Haw. Rev. Stat. § 661-21(a) the State of Hawaii has been damaged.

171.    Relator McGraw is a private citizen with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to Haw. Rev. Stat. § 661-25(a) on behalf of the State of Hawaii.

172.    This Court is requested to accept pendant jurisdiction of this related State claim as it is predicated upon the same nucleus of operative facts as the federal claim, and merely asserts separate damage to the State of Hawaii in the operation of its Medicaid program.

WHEREFORE, Relator McGraw respectfully requests this Court to award the following relief to the following parties and against Defendant Healogics:

To the State of Hawaii:

(1) Three times the amount of actual damages which the State of Hawaii has sustained as a result of Defendant Healogics' illegal conduct;

(2) A civil penalty of not less than $5,500 and not more than $11,000 for each false claim which Defendant Healogics caused to be presented to

the State of Hawaii;

(3) Prejudgment interest;

(4) All costs incurred in bringing this action; and

(5) Such further relief as this Court deems equitable and just.

To Relator McGraw:

(1) The maximum amount allowed pursuant to Haw. Rev. Stat. § 661-27 and/or any other applicable provision of law;

(2) Reimbursement for reasonable expenses which Relator incurred in connection with this action;

(3) An award of reasonable attorneys' fees and costs; and

(4) Such further relief as this Court deems equitable and just.

## COUNT TWELVE
## ILLINOIS FALSE CLAIMS ACT
## 740 ILCS 175, *et seq.*

173. Relator McGraw realleges and incorporates by reference the allegations previously alleged herein.

174. This is a qui tam action brought by Relator McGraw on behalf of the State of Illinois to recover treble damages and civil penalties under the Illinois False Claims Act, 740 ILCS 175, *et seq.*

175. 740 ILCS 175/3(a) provides liability for any person who:

(1) Knowingly presents, or causes to be presented, to an officer or employee of the state of a member of the Guard a false or fraudulent claim for payment or approval;

(2) Knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the State;

(3) Conspires to defraud the State by getting a false or fraudulent claim allowed or paid.

176. Defendant, Healogics conspired to, and did in fact, violate 740 ILCS

175/3(a) by knowingly causing false claims and false records to be made, used and presented to the State of Illinois.

177.    The State of Illinois, by and through the Illinois Medicaid program and other state healthcare programs, and unaware of Defendant Healogics' conduct, paid the claims submitted by Defendant and/or third parties in connection therewith.

178.    Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Illinois in connection with Defendant Healogics' conduct.

179.    Had the State of Illinois known that false representations and false records were made in regard to the above conduct, it would not have paid the claims submitted by Defendant Healogics and/or third parties in connection with that conduct.

180.    As a result of Defendant Healogics' violations of 740 ILCS 175/3(a), the State of Illinois has been damaged.

181.    Relator McGraw is a private citizen with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to 740 ILCS 175/3(b) on behalf of the State of Illinois.

182.    This Court is requested to accept pendant jurisdiction of this related State claim as it is predicated upon the same nucleus of operative facts as the federal claim, and merely asserts separate damage to the State of Illinois in the operation of its Medicaid program.

WHEREFORE, Relator McGraw respectfully requests this Court to award the following relief to the following parties and against Defendant Healogics:

To the State of Illinois:

(1) Three times the amount of actual damages which the State of Illinois has sustained as a result of Defendant Healogics' conduct;

(2) A civil penalty of not less than $5,500 and not more than $11,000 for each false claim which Defendant Healogics caused to be presented to the State of Illinois;

(3) Prejudgment interest; and

(4) All costs incurred in bringing this action.

(5) Such further relief as this Court deems equitable and just.

To Relator McGraw:

(1) The maximum amount allowed pursuant to 740 ILCS 175/4(d) and/or any other applicable provision of law;

(2) Reimbursement for reasonable expenses which Relator incurred in connection with this action;

(3) An award of reasonable attorneys' fees and costs; and

(4) Such further relief as this Court deems equitable and just.

## COUNT THIRTEEN
## INDIANA FALSE CLAIMS AND WHISTLEBLOWER PROTECTION ACT
### Indiana §§ Code 5-11-5.5, *et seq*.

183.   Relator McGraw realleges and incorporates by reference the allegations previously alleged herein.

184.    This is a qui tam action brought by Relator McGraw on behalf of the State of Indiana to recover treble damages and civil penalties under the Indiana False Claims and Whistleblower Protection Act, Indiana Code §§ 5-11-5.5, *et seq*.

185.   Sec. 2.(b) of that Act provides liability for any person who knowingly or intentionally:

(1) presents a false claim to the state for payment or approval;

(2) makes or uses a false record or statement to obtain payment or approval of a false claim from the state;

(6) makes or uses a false record or statement to avoid an obligation to pay or transmit property to the state;

(7) conspires with another person to perform an act described in subdivisions (1) through (6); or

(8) causes or induces another person to perform an act described in subdivisions (1) through (6).

186.    Defendant Healogics conspired to, and did in fact, violate Indiana Code §§ 5-115.5, *et seq*. by knowingly causing false claims and false records to be made, used and presented to the State of Indiana and failed to disclose the falsity of their claims, or return amounts paid upon said false claims within reasonable time after discovery of the false claim.

187.    The State of Indiana, by and through the Indiana Medicaid program and other state healthcare programs, and unaware of Defendant Healogics' conduct, paid the claims submitted by Defendant Healogics and/or third party payers in connection therewith.

188.    Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Indiana in connection with Defendant Healogics.

189.    Had the State of Indiana known that false representations and false records were made in regard to the above conduct, it would not have paid the claims submitted by Defendant Healogics' and/or third parties in connection with that conduct.

190.    As a result of Defendant Healogics' violations of Indiana Code §§ 5-11-5.5, *et seq*., the State of Indiana has been damaged.

191.    Relator McGraw is a private citizen with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to Indiana

Code §§ 5-11-5.5, *et seq*. on behalf of the State of Indiana.

192. This Court is requested to accept pendant jurisdiction of this related State claim as it is predicated upon the same nucleus of operative facts as the federal claim, and merely asserts separate damage to the State of Indiana in the operation of its Medicaid program.

WHEREFORE, Relator McGraw respectfully requests this Court to award the following relief to the following parties and against Defendant Healogics:

To the State of Indiana:

(1) Three times the amount of actual damages which the State of Indiana has sustained as a result of Defendant Healogics' actions;

(2) A civil penalty of not less than $5,000 for each false claim which Defendant Healogics caused to be presented to the State of Indiana;

(3) Prejudgment interest;

(4) All costs incurred in bringing this action; and

(5) Such further relief as this Court deems equitable and just.

To Relator McGraw:

(1) The maximum amount allowed pursuant to Indiana Code §§ 5-11-5.5, *et seq*. and/or any other applicable provision of law;

(2) Reimbursement for reasonable expenses which Relator incurred in connection with this action;

(3) An award of reasonable attorneys' fees and costs; and

(4) Such further relief as this Court deems equitable and just.

**COUNT FOURTEEN**
**IOWA FALSE CLAIMS ACT**
**ICA §§ 685.1 *et seq*.**

193. Relator McGraw realleges and incorporates by reference the allegations

previously alleged herein.

194.    This is a qui tam action brought by Relator McGraw on behalf of the State of Iowa to recover treble damages and civil penalties under the Iowa False Claims Act, ICA §§ 685.1, *et seq.*

195.    The Iowa False Claims Act provides liability for any person who:

(1) Knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval.

(2) Knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim.

(3) Conspires to commit a violation of paragraph "a", "b", "d", "e", "f", or "g".

196.    Defendant Healogics, by and through their partner hospitals conspired to, and did in fact, violate the Iowa False Claims Act, ICA §§ 685.1, *et seq.* by knowingly causing false claims and false records to be made, used and presented to the State of Iowa.

197.    The State of Iowa, by and through the Iowa Medicaid program and other state healthcare programs, and unaware of Defendant Healogics' conduct, paid the claims submitted by Defendant Healogics and/or third parties in connection therewith.

198.    Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Iowa in connection with Defendant Healogics' conduct.

199.    Had the State of Iowa known that false representations and false records were made in regard to the above conduct, it would not have paid the claims submitted by Defendant Healogics' and/or third parties in connection with that conduct.

200. As a result of Defendant Healogics' violations of the Iowa False Claims Act, ICA §§ 685.1, *et seq.*, the State of Iowa has been damaged.

201. Relator McGraw is a private citizen with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to the Iowa False Claims Act, ICA §§ 685.1, *et seq.* on behalf of the State of Iowa.

202. This Court is requested to accept pendant jurisdiction of this related State claim as it is predicated upon the same nucleus of operative facts as the federal claim, and merely asserts separate damage to the State of Iowa in the operation of its Medicaid program.

WHEREFORE, Relator McGraw respectfully requests this Court to award the following relief to the following parties and against Defendant Healogics:

To the State of Iowa:

(1) Three times the amount of actual damages which the State of Iowa has sustained as a result of Defendant Healogics' conduct;

(2) A civil penalty of not less than $5,500 or more than $11,000 for each false claim which Defendant Healogics caused to be presented to the State of Iowa;

(3) Prejudgment interest; and

(4) All costs incurred in bringing this action.

(5) Such further relief as this Court deems equitable and just.

To Relator McGraw:

(1) The maximum amount allowed pursuant to the Iowa False Claims Act, ICA §§ 685.1, *et seq.* and/or any other applicable provision of law;

(2) Reimbursement for reasonable expenses which Relator incurred in connection with this action;

(3) An award of reasonable attorneys' fees and costs; and

(4) Such further relief as this Court deems equitable and just.

## COUNT FIFTEEN
## LOUISIANA MEDICAL ASSISTANCE PROGRAMS
## INTEGRITY LAW (MAPIL)
## La. Rev. Stat. Ann. §§ 46:437.1, *et seq*.

203. Relator McGraw realleges and incorporates by reference the allegations previously alleged herein.

204. This is a qui tam action brought by Relator McGraw on behalf of the State of Louisiana to recover treble damages and civil penalties under the Louisiana Medical Assistance Programs Integrity Law, La. Rev. Stat. Ann. §§ 46:437.1, *et seq*.

205. La. Rev. Stat. Ann. § 46:438.3 provides:

A. No person shall knowingly present or cause to be presented a false or fraudulent claim.

B. No person shall knowingly engage in misrepresentation or make, use, or cause to be made or used, a false record or statement material to a false or fraudulent claim.

C. No person shall knowingly make, use, or cause to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the medical assistance programs, or to knowingly conceal, avoid, or decrease an obligation to pay or transmit money or property to the medical assistance programs.

D. No person shall conspire to defraud, or attempt to defraud, the medical assistance programs through misrepresentation or by obtaining, or attempting to obtain, payment for a false or fraudulent claim.

E. No person shall knowingly submit a claim for goods, services, or supplies which were medically unnecessary or which were of substandard quality or quantity.

206. Through the conduct alleged herein, Defendant Healogics conspired to, and did in fact, violate La. Rev. Stat. Ann. § 46:438.3 by knowingly causing false claims and false records to be made, used and presented to the State of Louisiana, for the purposes of obtaining payment and concealing an obligation to pay money back to the medical

assistance programs.

207.    The State of Louisiana, by and through the Louisiana Medicaid program and other state healthcare programs, and unaware of Defendant Healogics' conduct, paid the claims submitted by Defendant Healogics and/or third parties in connection therewith.

208.    Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Louisiana in connection with Defendant Healogics' conduct.

209.    Had the State of Louisiana known that false representations and false records were made with respect to the above conduct, it would not have paid the claims submitted by Defendant Healogics and/or third parties in connection with that conduct.

210.    As a result of Defendant Healogics' violations of La. Rev. Stat. Ann. § 46:438.3 the State of Louisiana has been damaged.

211.    Relator McGraw is a private citizen with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to La. Rev. Stat. Ann. § 46:439.1(A) on behalf of the State of Louisiana.

212.    This Court is requested to accept pendant jurisdiction of this related State claim as it is predicated upon the same nucleus of operative facts as the federal claim, and merely asserts separate damage to the State of Louisiana in the operation of its Medicaid program.

WHEREFORE, Relator McGraw respectfully request this Court to award the following relief to the following parties and against Defendant Healogics:

To the State of Louisiana:

(1) Three times the amount of actual damages which the State of Louisiana has sustained as a result of Defendant Healogics' conduct;

(2) A civil penalty of not less than $5,500 and not more than $11,000 for each false claim which Defendant Healogics caused to be presented to the State of Louisiana;

(3) Prejudgment interest;

(4) All costs incurred in bringing this action; and

(5) Such further relief as this Court deems equitable and just.

To Relator McGraw:

(1) The maximum amount allowed pursuant to La. Rev. Stat. § 46:439.4(A) and/or any other applicable provision of law;

(2) Reimbursement for reasonable expenses which Relator incurred in connection with this action;

(3) An award of reasonable attorneys' fees and costs; and

(4) Such further relief as this Court deems equitable and just.

**COUNT SIXTEEN**
**MARYLAND FALSE HEALTH CLAIMS ACT**
**Md. Code Health-Gen §§ 2-602 *et seq.***

213. Relator McGraw realleges and incorporates by reference the allegations previously alleged herein.

214. This is a qui tam action brought by Relator McGraw on behalf of the State of Maryland to recover treble damages and civil penalties under the Maryland False Health Claims Act, Md. Code Health-Gen §§ 2-602, *et seq.*

215. The Maryland False Health Claims Act provides that a person may not:

(1) Knowingly present or cause to be presented a false or fraudulent claim for payment or approval;

(2) Knowingly make, use, or cause to be made or used a false record or statement material to a false or fraudulent claim;

(3) Conspire to commit a violation under this subtitle;

216.    Defendant Healogics conspired to, and did in fact, violate § 2-602 by knowingly causing false claims and false records to be made, used and presented to the State of Maryland by its deliberate and systematic violation of federal and state laws as alleged herein.

217.    The State of Maryland, by and through the Maryland Medicaid program and other state healthcare programs, and unaware of Defendant Healogics' conduct, paid the claims submitted by Defendant Healogics and/or third party payers in connection therewith.

218.    Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Maryland in connection with Defendant Healogics' conduct.

219.    Had the State of Maryland known that false representations were made or false records relied upon with respect to the above conduct, it would not have paid the claims submitted by Defendant Healogics and/or third parties in connection with that conduct.

220.    As a result of Defendant Healogics' violations of the Maryland False Health Claims Act, the State of Maryland has been damaged.

221.    Relator McGraw is a private citizen with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to the Maryland False Health Claims Act on behalf of the State of Maryland.

222.    This Court is requested to accept pendant jurisdiction of this related State claim as it is predicated upon the same nucleus of operative facts as the federal claim,

and merely asserts separate damage to the State of Maryland in the operation of its Medicaid program and other state health programs.

WHEREFORE, Relator McGraw respectfully requests this Court to award the following relief to the following parties and against Defendant Healogics:

To the State of Maryland:

(1) Three times the amount of actual damages which the State of Maryland has sustained as a result of Defendant Healogics' conduct;

(2) A civil penalty of not less than $5,000 and not more than $10,000 for each false claim which Defendant Healogics caused to be presented to the State of Maryland; Prejudgment interest;

(3) All costs incurred in bringing this action; and

(4) Such further relief as this Court deems equitable and just.

To Relator McGraw:

(1) The maximum amount allowed pursuant to the Maryland False Health Claims Act and/or any other applicable provision of law;

(2) Reimbursement for reasonable expenses which Relator incurred in connection with this action;

(3) An award of reasonable attorneys' fees and costs; and

(4) Such further relief as this Court deems equitable and just.

### COUNT SEVENTEEN
### Michigan Medicaid False Claims Act
### MI ST Ch. 400.603 *et seq.*

223. Relator McGraw realleges and incorporates by reference the allegations previously alleged herein.

224. This is a qui tam action brought by Relator McGraw on behalf of the State of Michigan to recover treble damages and civil penalties under the Michigan Medicaid False Claims Act. MI ST Ch. 400.603, *et seq.*

225. Section 3 of Chapter 400.603 provides liability in pertinent part as follows:

(1) A person shall not knowingly make or cause to be made a false statement or false representation of a material fact in an application for Medicaid benefits;

226. A person shall not knowingly make or cause to be made a false statement or false representation of a material fact for use in determining rights to a Medicaid benefit...

227. Defendant Healogics conspired to, and did in fact, violate, MI ST Ch. 400.603, *et seq*. by knowingly causing false claims and false records to be made, used and presented to the State of Michigan as alleged herein.

228. The State of Michigan, by and through the Michigan Medicaid program and other state healthcare programs, and unaware of Defendant Healogics' conduct, paid the claims submitted by Defendant Healogics and/or third parties in connection therewith.

229. Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Michigan in connection with Defendant Healogics' conduct.

230. Had the State of Michigan known that false representations were made or false records created with regard to the above conduct, it would not have paid the claims submitted by Defendant Healogics and third parties in connection with that conduct.

231. As a result of Defendant Healogics' violations of MI ST Ch. 400.603, *et seq*. the State of Michigan has been damaged.

232. Relator McGraw is a private citizen with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to MI ST Ch. 400.603, *et seq*. on behalf of State of Michigan.

233.   This Court is requested to accept pendant jurisdiction of this related State claim as it is predicated upon the same nucleus of operative facts as the federal claim, and merely asserts separate damage to the State of Michigan in the operation of its Medicaid program.

WHEREFORE, Relator McGraw respectfully request this Court to award the following relief to the following parties and against Defendant Healogics:

To the State of Michigan:

(1) Three times the amount of actual damages which the State of Michigan has sustained as a result of Defendant Healogics' conduct;

(2) A civil penalty of not less than $5,000 and not more than $10,000 for each false claim which Defendant Healogics caused to be presented to the State of Michigan;

(3) Prejudgment interest;

(4) All costs incurred in bringing this action; and

(5) Such further relief as this Court deems equitable and just.

To Relator McGraw:

(1) The maximum amount allowed pursuant to MI ST Ch. 400.603, *et seq.* and/or any other applicable provision of law;

(2) Reimbursement for reasonable expenses which Relator incurred in connection with this action;

(3) An award of reasonable attorneys' fees and costs; and

(4) Such further relief as this Court deems equitable and just.

**COUNT EIGHTEEN**
**MINNESOTA FALSE CLAIMS ACT**
**MINN. Stat. §§ 15C.01 *et seq*.**

234.  Relator McGraw realleges and incorporates by reference the allegations

previously alleged herein.

235.    This is a qui tam action brought by Relator McGraw on behalf of the State of Minnesota for treble damages and penalties under the Minnesota False Claims Act, Minn. Stat. §§ 15C.01, *et seq*.

236.    The Minnesota False Claims Act § 15C.02 provides liability for any person who:

(1)    knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;

(2)    knowingly makes or uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;

(3)    knowingly conspires to commit a violation of clause (1), (2), (4), (5), (6), or (7);

237.    Defendant Healogics conspired to, and did in fact, violate the Minnesota False Claims Act by knowingly causing false claims and false records to be made, used and presented to the State of Minnesota as alleged herein.

238.    The State of Minnesota, by and through the Minnesota Medicaid program and other state healthcare programs, and unaware of Defendant Healogics' conduct, paid the claims submitted by Defendant Healogics and/or third parties in connection therewith.

239.    Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Minnesota in connection with Defendant Healogics' conduct.

240.    Had the State of Minnesota known that false representations were made and false records created with regard to the above conduct, it would not have paid the

claims submitted by Defendant Healogics and/or third parties in connection with that conduct.

241.    As a result of Defendant Healogics' violations of the Minnesota False Claims Act, the State of Minnesota has been damaged.

242.    Relator McGraw is a private citizen with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to the Minnesota False Claims Act on behalf of the State of Minnesota.

243.    This Court is requested to accept pendant jurisdiction of this related State claim as it is predicated upon the same nucleus of operative facts as the federal claim, and merely asserts separate damage to the State of Minnesota in the operation of its Medicaid program.

WHEREFORE, Relator McGraw respectfully requests this Court to award the following relief to the following parties and against Defendant Healogics:

To the State of Minnesota:

(1)  Three times the amount of actual damages which the State of Minnesota has sustained as a result of Defendant's conduct;

(2)  A civil penalty of not less than $5,500 and not more than $11,000 for each false claim which Defendant caused to be presented to the State of Minnesota;

(3)  Prejudgment interest;

(4)  All costs incurred in bringing this action; and

(5)  Such further relief as this Court deems equitable and just.

To Relator McGraw:

(1)  The maximum amount allowed pursuant to the Minnesota False Claims Act and/or any other applicable provision of law;

(2) Reimbursement for reasonable expenses which Relator incurred in connection with this action;

(3) An award of reasonable attorneys' fees and costs; and

(4) Such further relief as this Court deems equitable and just.

**COUNT NINETEEN**
**MONTANA FALSE CLAIMS ACT**
**Mont. Code Ann. § 17-8-403(1)(A)-(S)**

244.    Relator McGraw realleges and incorporates by reference the allegations previously alleged herein.

245.    This is a claim for treble damages and penalties under the Montana False Claims Act.

246.    By virtue of the acts described above, Defendant Healogics knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Montana State government to approve and pay such false and fraudulent claims.

247.    Each claim submitted as a result of Defendant Healogics' illegal conduct represents a false or fraudulent record or statement. As such, each claim for reimbursement for wound treatment submitted to Montana represents a false or fraudulent claim for payment.

248.    Relator McGraw cannot at this time identify all of the false claims for payment that were caused by Defendant Healogics in Montana. The false claims were presented by separate entities, across the United States, over many years. Relators have no control over or dealings with such entities and have no access to the records in the Defendants possession.

249.    Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also

an express condition of payment of claims submitted to the State of Montana in connection with Defendant Healogics' conduct.

250. Had the State of Montana known that false representations were made or false records created with respect to the above conduct, it would not have paid the claims submitted by healthcare providers and/or third party payers in connection with that conduct.

251. The Montana State government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant Healogics, paid and continues to pay the claims that would not be paid but for Defendant's conduct.

252. By reason of the Defendant's acts, the State of Montana has been damaged, and continues to be damaged, in substantial amounts to be determined at trial.

253. The state of Montana is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant Healogics.

WHEREFORE, Relator McGraw respectfully requests this Court to award the following relief to the following parties and against Defendant Healogics:

To the State of Montana:

(1) Three times the amount of actual damages which the State of Montana has sustained as a result of Defendant's conduct;

(2) A civil penalty of not less than $5,000 and not more than $10,000 for each false claim in which Defendant caused to be presented to the State of Montana;

(3) Prejudgment interest;

(4) All costs incurred in bringing this action; and

(5)  Such further relief as this Court deems equitable and just.

To Relator McGraw:

(1)  The maximum amount allowed pursuant to Montana Code Ann. § 17-8-403(1)(A)-(B) and/or any other applicable provision of law;

(2)  Reimbursement for reasonable expenses which Relator McGraw incurred in connection with this action;

(3)  An award of reasonable attorneys' fees and costs; and

(4)  Such further relief as this Court deems equitable and just.

## COUNT TWENTY
## NEVADA FALSE CLAIMS ACT
### N.R.S. §§ 357.010, *et seq.*

254.    Relator McGraw realleges and incorporates by reference the allegations previously alleged herein.

255.    This is a qui tam action brought by Relator McGraw on behalf of the State of Nevada to recover treble damages and civil penalties under the Nevada False Claims Act, N.R.S. §§ 357.010, *et seq.*

256.  N.R.S. § 357.040(1) provides liability for any person who:

(a)  Knowingly presents or causes to be presented a false claim for payment or approval;

(b)  Knowingly makes or uses, or causes to be made or used, a false record or statement to obtain payment or approval of a false claim;

(c)  Conspires to defraud by obtaining allowance or payment of a false claim;

(h)  Is a beneficiary of an inadvertent submission of a false claim and, after discovering the falsity of the claim, fails to disclose the falsity to the state or political subdivision within a reasonable time.

257.  By virtue of the conduct alleged herein, Defendant Healogics conspired to, and did in fact, violate N.R.S. § 357.040(1) by knowingly causing false claims and false

records to be made, used and presented to the State of Nevada.

258.   The State of Nevada, by and through the Nevada Medicaid program and other state healthcare programs, and unaware of Defendant's conduct, paid the claims submitted by Healogics and/or third parties in connection therewith.

259.   Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Nevada in connection with Defendant's conduct.

260.   Had the State of Nevada known that false representations were made and false records created with regard to the above conduct, it would not have paid the claims submitted by Defendant Healogics and/or third parties in connection with that conduct.

261.   As a result of Defendant Healogics' violations of N.R.S. § 357.040(1) the State of Nevada has been damaged.

262.   Relator McGraw is a private citizen with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to N.R.S. § 357.080(1) on behalf of the State of Nevada.

263.   This Court is requested to accept pendant jurisdiction of this related State claim as it is predicated upon the same nucleus of operative facts as the federal claim, and merely asserts separate damage to the State of Nevada in the operation of its Medicaid program.

WHEREFORE, Relator McGraw respectfully request this Court to award the following relief to the following parties and against Defendant Healogics:

To the State of Nevada:

(1) Three times the amount of actual damages which the State of Nevada has sustained as a result of Defendant Healogics' conduct;

(2) A civil penalty of not less than $2,000 and not more than $10,000 for each false claim which Defendant Healogics caused to be presented to the State of Nevada;

(3) Prejudgment interest;

(4) All costs incurred in bringing this action; and

(5) Such further relief as this Court deems equitable and just.

To Relator McGraw:

(1) The maximum amount allowed pursuant to N.R.S. § 357.210 and/or any other applicable provision of law;

(2) Reimbursement for reasonable expenses which Relator incurred in connection with this action;

(3) An award of reasonable attorneys' fees and costs; and

(4) Such further relief as this Court deems equitable and just.

**COUNT TWENTY-ONE**
**NEW JERSEY FALSE CLAIMS ACT**
**N.J. Stat. §§ 2A:32C-1 (2008),** *et seq.*

264.    Relator McGraw realleges and incorporates by reference the allegations previously alleged herein.

265.    This is a qui tam action brought by Relator McGraw on behalf of the State of New Jersey to recover treble damages and civil penalties under the New Jersey False Claims Act, N.J. Stat. §§ 2A:32C-1 (2008), *et seq.*

266.    N.J. Stat. § 2A:32C-1 provides liability for any person who:

(1) knowingly presents, or causes to be presented, to an officer or employee, officer or agent of the state or to any contractor, grantee, or other recipient of state funds a false or fraudulent claim for payment or approval;

(2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by

the state;

(3) conspires to defraud the state by getting a false or fraudulent claim allowed or paid.

267.    By virtue of conduct alleged herein, Defendant Healogics conspired to, and did in fact, violate N.J. Stat. § 2A:32C-1 by knowingly causing false claims and false records to be made, used and presented to the State of New Jersey.

268.    The State of New Jersey, by and through the New Jersey Medicaid program and other state healthcare programs, and unaware of Defendant Healogics' conduct, paid the claims submitted by Defendant Healogics and/or third parties in connection therewith.

269.    Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of New Jersey in connection with Defendant Healogics' conduct.

270.    Had the State of New Jersey known that false representations and false records were created with regard to the above conduct, it would not have paid the claims submitted by Defendant Healogics and/or third parties in connection with that conduct.

271.    As a result of Defendant Healogics' violations of N.J. Stat. § 2A:32C-1, the State of New Jersey has been damaged.

272.    Relator McGraw is a private citizen with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to N.J. Stat. §§ 2A:32C-1, *et seq*. on behalf of the State of New Jersey.

273.    This Court is requested to accept pendant jurisdiction of this related State

claim as it is predicated upon the same nucleus of operative facts as the federal claim, and merely asserts separate damage to the State of New Jersey in the operation of its Medicaid program.

WHEREFORE, Relator McGraw respectfully requests this Court to award the following relief to the following parties and against Defendant:

To the State of New Jersey:

(1) Three times the amount of actual damages which the State of New Jersey has sustained as a result of Defendant's conduct;

(2) A civil penalty of not less than $5,000 and not more than $10,000 for each false claim which Defendant Healogics caused to be presented to the State of New Jersey;

(3) Prejudgment interest;

(4) All costs incurred in bringing this action; and

(5) Such further relief as this Court deems equitable and just.

To Relator McGraw:

(1) The maximum amount allowed pursuant to N.J. Stat. § 2A:32C-1 and/or any other applicable provision of law;

(2) Reimbursement for reasonable expenses which Relator incurred in connection with this action;

(3) An award of reasonable attorneys' fees and costs; and

(4) Such further relief as this Court deems equitable and just.

## COUNT TWENTY-TWO
## NEW MEXICO MEDICAID FALSE CLAIMS ACT
### N.M. Stat. Ann §§ 27-14-1, *et seq.*

274.    Relator McGraw realleges and incorporates by reference the allegations previously alleged herein.

275. This is a qui tam action brought by Relator McGraw on behalf of the State of New Mexico to recover treble damages and civil penalties under the New Mexico Fraud Against Taxpayers Act, N.M. Stat. Ann §§ 27-14-1, *et seq*. Section 3 provides liability in pertinent part as follows: A person shall not:

(1) knowingly present, or cause to be presented, to an employee, officer or agent of the state or to a contractor, grantee, or other recipient of state funds a false or fraudulent claim for payment or approval;

(2) knowingly make or use, or cause to be made or used, a false, misleading or fraudulent record or statement to obtain or support the approval of or the payment on a false or fraudulent claim;

(3) conspire to defraud the state by obtaining approval or payment on a false or fraudulent claim.

276. By of the conduct alleged herein, Defendant Healogics conspired to, and did in fact, violate, N.M. Stat. Ann §§ 27-14-1, *et seq*. by knowingly causing false claims and false records to be made, used and presented to the State of New Mexico.

277. The State of New Mexico, by and through the New Mexico Medicaid program and other state healthcare programs, and unaware of Defendant Healogics' conduct, paid the claims submitted by Defendant Healogics and/or third parties in connection therewith.

278. Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of New Mexico in connection with Defendant Healogics' conduct.

279. Had the State of New Mexico known that false representations were made or false records created with regard to the above conduct, it would not have paid the claims submitted by Defendant Healogics and/or third parties in connection with that

conduct.

280.    As a result of Defendant Healogics' violations of N.M. Stat. Ann §§ 27-14-1, *et seq.* the State of New Mexico has been damaged.

281.    Relator McGraw is a private citizen with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to N.M. Stat. Ann §§ 27-14-1, *et seq.* on behalf of the State of New Mexico.

282.    This Court is requested to accept pendant jurisdiction of this related State claim as it is predicated upon the same nucleus of operative facts as the federal claim, and merely asserts separate damage to the State of New Mexico in the operation of its Medicaid program.

WHEREFORE, Relator McGraw respectfully requests this Court to award the following relief to the following parties and against Defendant Healogics:

To the State of New Mexico:

(1)  Three times the amount of actual damages which the State of New Mexico has sustained as a result of Defendant's conduct;

(2)  A civil penalty of not less than $5,000 and not more than $10,000 for each false claim which Defendant Healogics caused to be presented to the State of New Mexico;

(3)  Prejudgment interest;

(4)  All costs incurred in bringing this action; and

(5)  Such further relief as this Court deems equitable and just.

To Relator McGraw:

(1)  The maximum amount allowed pursuant to N.M. Stat. Ann §§ 27-14-1, *et seq.* and/or any other applicable provision of law;

(2)  Reimbursement for reasonable expenses which Relator incurred in connection with this action;

(3) An award of reasonable attorneys' fees and costs; and

(4) Such further relief as this Court deems equitable and just.

**COUNT TWENTY-THREE**
**NEW YORK FALSE CLAIMS ACT**
**2007 N.Y. Laws 58, Section 39, Article XIII Section 189**
**and N.Y. State Fin. Law §§ 188, *et seq*.**

283.    Relator McGraw realleges and incorporates by reference the allegations previously alleged herein.

284.    This is a qui tam action brought by Relator McGraw on behalf of the State of New York to recover treble damages and civil penalties under the New York False Claims Act, 2007 N.Y. Laws 58, Section 39, Article XIII Section 189 and later as amended at N.Y. State Fin. Law §§ 188, *et seq*.

285.    The New York False Claims Act provides liability for any person who:

1(a) knowingly presents, or causes to be presented, to any employee, officer or agent of the state or local government, a false or fraudulent claim for payment or approval;

1(b) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the state or local government;

1(c) conspires to defraud the state by getting a false or fraudulent claim allowed or paid.

286.    By virtue of the conduct alleged here, Defendant Healogics conspired to, and did in fact, violate New York's False Claims Act by knowingly causing false claims and false records to be made, used and presented to the State of New York.

287.    The State of New York, by and through the New York Medicaid program and other state healthcare programs, and unaware of Defendant Healogics' conduct, paid the claims submitted by Defendant Healogics and/or third parties in connection therewith.

288. Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of New York in connection with Defendant Healogics' conduct.

289. Had the State of New York known that false representations and false records were made with regard to the above conduct, it would not have paid the claims submitted by Defendant Healogics and/or third parties in connection with that conduct.

290. As a result of Defendant Healogics' violations of New York's False Claims Act, the State of New York has been damaged.

291. Relator McGraw is a private citizen with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to 2007 N.Y. Laws 58, Section 39, Article XIII and N.Y. State Fin. Law §§ 188, *et seq.*, on behalf of the State of New York.

292. This Court is requested to accept pendant jurisdiction of this related State claim as it is predicated upon the same nucleus of operative facts as the federal claim, and merely asserts separate damage to the State of New York in the operation of its Medicaid program.

WHEREFORE, Relator McGraw respectfully requests this Court to award the following relief to the following parties and against Defendant Healogics:

To the State of New York:

(1) Three times the amount of actual damages which the State of New York has sustained as a result of Defendant's conduct;

(2) A civil penalty of not less than $5,000 and not more than $10,000 for each false claim Defendant caused to be presented to the State of New

York;

(3) Prejudgment interest;

(4) All costs incurred in bringing this action; and

(5) Such further relief as this Court deems equitable and just.

To Relator McGraw:

(1) The maximum amount allowed pursuant to 2007 N.Y. Laws 58, Section 39, Article XIII, and N.Y. State Fin. Law §§ 188, *et seq.*, and/or any other applicable provision of law;

(2) Reimbursement for reasonable expenses which Relator incurred in connection with this action;

(3) An award of reasonable attorneys' fees and costs; and

(4) Such further relief as this Court deems equitable and just.

## COUNT TWENTY-FOUR
## NORTH CAROLINA FALSE
## Claims Act N.C. Gen. Stat. §§ 1-605 *et seq.*

293.    Relator McGraw realleges and incorporates by reference the allegations previously alleged herein.

294.    This is a qui tam action brought by Relator McGraw on behalf of the State of North Carolina to recover treble damages and civil penalties under the North Carolina False Claims Act, N.C. Gen. Stat. §§ 1-605, *et seq.*

295.    The North Carolina False Claims Act, § 1-607 provides liability for any person who:

(1) Knowingly presents or causes to be presented a false or fraudulent claim for payment or approval.

(2) Knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim.

(3) Conspires to commit a violation of subdivision (1), (2), (4), (5), (6), or (7) of this section.

296. By virtue of conduct alleged herein, Defendant Healogics conspired to, and did in fact, violate § 1-607 by knowingly causing false claims and false records to be made, used and presented to the State of North Carolina.

297. The State of North Carolina, by and through the North Carolina Medicaid program and other state healthcare programs, and unaware of Defendant Healogics' conduct, paid the claims submitted by Defendant Healogics and/or third parties in connection therewith.

298. Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, was also an express condition of payment of claims submitted to the State of North Carolina in connection with Defendant Healogics' conduct. Compliance with applicable North Carolina statutes and regulations was also an express condition of payment of claims submitted to the State of North Carolina.

299. Had the State of North Carolina known that false representations were made or false records created in regard to the above conduct, it would not have paid the claims submitted by Defendant Healogics and/or third parties in connection with that conduct.

300. As a result of Defendant Healogics' violations of the North Carolina False Claims Act, the State of North Carolina has been damaged.

301. Relator McGraw is a private citizen with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to the North Carolina False Claims Act on behalf of the State of North Carolina.

302. This Court is requested to accept pendant jurisdiction of this related State claim as it is predicated upon the same nucleus of operative facts as the federal claim,

and merely asserts separate damage to the state of North Carolina in the operation of its Medicaid program.

WHEREFORE, Relator McGraw respectfully request this Court to award the following relief to the following parties and against Defendant Healogics:

To the State of North Carolina:

(1) Three times the amount of actual damages which the State of North Carolina has sustained as a result of Defendant's conduct;

(2) A civil penalty of not less than $5,500 and not more than $11,000 for each false claim which Defendant caused to be presented to the State of North Carolina

(3) Prejudgment interest;

(4) All costs incurred in bringing this action; and

(5) Such further relief as this Court deems equitable and just

To Relator McGraw:

(1) The maximum amount allowed pursuant to the North Carolina False Claims Act and/or any other applicable provision of law;

(2) Reimbursement for reasonable expenses which Relator incurred in connection with this action,

(3) An award of reasonable attorneys' fees and costs; and

(4) Such further relief as this Court deems equitable and just.

## COUNT TWENTY-FIVE
## OKLAHOMA MEDICAID FALSE CLAIMS ACT
### 63 Okl. St. §§ 5053, *et seq.*

303.    Relator McGraw realleges and incorporates by reference the allegations previously alleged herein.

304.    This is a qui tam action brought by Relator McGraw on behalf of the State of Oklahoma to recover treble damages and civil penalties under the Oklahoma

Medicaid False Claims Act 63 Okl. St. §§ 5053 (2008), *et seq.*

305.   63 Okl. St. § 5053.1 (2)(B) provides liability for any person who:

(1) Knowingly presents, or causes to be presented, to an officer or employee of the state of Oklahoma, a false or fraudulent claim for payment or approval;

(2) Knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the state;

(3) Conspires to defraud the state by getting a false or fraudulent claim allowed or paid.

306.   By virtue of the alleged conduct, Defendant Healogics conspired to, and did in fact, violate 63 Okl. St. § 5053.1 by knowingly causing false claims and false records to be made, used and presented to the State of Oklahoma.

307.   The State of Oklahoma, by and through the Oklahoma Medicaid program and other state healthcare programs, and unaware of Defendant Healogics' conduct, paid the claims submitted by Defendant Healogics and/or third parties in connection therewith.

308.   Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Oklahoma in connection with Defendant Healogics' conduct.

309.   Had the State of Oklahoma known that false representations were made or false records created with regard to the above conduct, it would not have paid the claims submitted by Defendant Healogics and/or third parties in connection with that conduct.

310.   As a result of Defendant Healogics' violations of 63 Okl. St. §§ 5053.1, *et seq.*, the State of Oklahoma has been damaged.

311.     Relator McGraw is a private citizen with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to 63 Okl. St. §§ 5053.1, *et seq.* on behalf of the State of Oklahoma.

312.     This Court is requested to accept pendant jurisdiction of this related State claim as it is predicated upon the same nucleus of operative facts as the federal claim, and merely asserts separate damage to the State of Oklahoma in the operation of its Medicaid program.

WHEREFORE, Relator McGraw respectfully request this Court to award the following relief to the following parties and against Defendant Healogics:

To the State of Oklahoma:

(1) Three times the amount of actual damages which the State of Oklahoma has sustained as a result of Defendant's conduct;

(2) A civil penalty of not less than $5,000 and not more than $10,000 for each false claim which Defendant caused to be presented to the State of Oklahoma;

(3) Prejudgment interest;

(4) All costs incurred in bringing this action; and

(5) Such further relief as this Court deems equitable and just.

To Relator McGraw:

(1) The maximum amount allowed pursuant to 63 Okl. St. §§ 5053.1, *et seq.* and/or any other applicable provision of law;

(2) Reimbursement for reasonable expenses which Relator incurred in connection with this action;

(3) An award of reasonable attorneys' fees and costs; and

(4) Such further relief as this Court deems equitable and just.

## COUNT TWENTY-SIX
## RHODE ISLAND STATE FALSE CLAIMS ACT
## R.I. Gen. Laws §§ 9-1.1-1, *et seq.*

313.     Relator McGraw realleges and incorporates by reference the allegations previously alleged herein.

314.     This is a qui tam action brought by Relator McGraw on behalf of the State of Rhode Island to recover treble damages and civil penalties under the Rhode Island State False Claims Act R.I. Gen. Laws §§ 9-1.1-1 (2008), *et seq.*

315.     R.I. Gen. Laws § 9-1.1-1 provides liability for any person who:

> (1) Knowingly presents, or causes to be presented, to an officer or employee of the state or a member of the Guard a false or fraudulent claim for payment or approval;

> (2) Knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the state;

> (3) Conspires to defraud the state by getting a false or fraudulent claim allowed or paid.

316.     Defendant Healogics conspired to, and did in fact, violate R.I. Gen. Laws § 9-1.11 by knowingly causing false claims and false records to be made, used and presented to the State of Rhode Island by its deliberate and systematic violation of federal and state laws.

317.     The State of Rhode Island, by and through the Rhode Island Medicaid program and other state healthcare programs, and unaware of Defendant Healogics' conduct, paid the claims submitted by Defendant and/or third parties in connection therewith.

318.     Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Rhode Island in

connection with Defendant Healogics' conduct.

319.  Had the State of Rhode Island known that false representations and false records were made with regard to the above conduct, it would not have paid the claims submitted by Defendant Healogics and/or third parties in connection with that conduct.

320.  As a result of Defendant Healogics' violations of R.I. Gen. Laws § 9-1.1-1, the State of Rhode Island has been damaged.

321.  Relator McGraw is a private citizen with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to R.I. Gen. Laws §§ 9-1.1-1, *et seq*. on behalf of the State of Rhode Island.

322.  This Court is requested to accept pendant jurisdiction of this related State claim as it is predicated upon the same nucleus of operative facts as the federal claim, and merely asserts separate damage to the State of Rhode Island in the operation of its Medicaid program.

WHEREFORE, Relator McGraw respectfully requests this Court to award the following relief to the following parties and against Defendant Healogics:

To the State of Rhode Island:

(1)  Three times the amount of actual damages which the State of Rhode Island has sustained as a result of Defendant's conduct;

(2)  A civil penalty of not less than $5,000 and not more than $10,000 for each false claim which Defendant caused to be presented to the State of Rhode Island;

(3)  Prejudgment interest;

(4)  All costs incurred in bringing this action; and

(5)  Such further relief as this Court deems equitable and just.

To Relator McGraw:

(1) The maximum amount allowed pursuant to R.I. Gen. Laws § 9-1.1-1 and/or any other applicable provision of law;

(2) Reimbursement for reasonable expenses which Relator incurred in connection with this action;

(3) An award of reasonable attorneys' fees and costs; and

(4) Such further relief as this Court deems equitable and just.

**COUNT TWENTY-SEVEN**
**TENNESSEE FALSE CLAIMS ACT, T.C.A §§ 4-18-101** *et seq.,*
**and**
**TENNESSEE MEDICAID FALSE CLAIMS ACT,**
**T.C.A. §§ 71-5-181** *et seq.*

323.    Relator McGraw realleges and incorporates by reference the allegations previously alleged herein.

324.    This is a qui tam action brought by Relator McGraw on behalf of the State of Tennessee to recover treble damages and civil penalties under the Tennessee False Claims Act, T.C.A §§ 4- 18-101, *et seq.,* and the Tennessee Medicaid False Claims Act, Tenn. Code Ann. §§ 71-5-181, *et seq.*

325.    The Tennessee False Claims Act § 4-18-103 provides liability for any person who commits any of the following acts:

(1) Knowingly presents or causes to be presented to an officer or employee of the state or of any political subdivision thereof, a false claim for payment or approval;

(2) Knowingly makes, uses, or causes to be made or used a false record or statement to get a false claim paid or approved by the state or by any political subdivision;

(3) Conspires to defraud the state or any political subdivision by getting a false claim allowed or paid by the state or by any political subdivision;

(7) Knowingly makes, uses, or causes to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the state or to any political subdivision;

(9) Knowingly makes, uses, or causes to be made or used any false or fraudulent conduct, representation, or practice in order to procure anything of value directly or indirectly from the state or any political subdivision.

326.   The Tennessee Medicaid False Claims Act, § 71-5-182(a)(1) provides liability for any person who:

(A) presents, or causes to be presented to the state, a claim for payment under the Medicaid program knowing such claim is false or fraudulent;

(B) makes or uses, or causes to be made or used, a record or statement to get a false or fraudulent claim under the Medicaid program paid for or approved by the state knowing such record or statement is false;

(C) conspires to defraud the state by getting a claim allowed or paid under the Medicaid program knowing such claim is false or fraudulent.

327.   Defendant conspired to, and did in fact, violate the Tennessee False Claims Act, T.C.A §§ 4-18-101, *et seq*., and the Tennessee False Medicaid Claims Act T.C.A. § 71-5-1 82(a)(1) by knowingly causing false claims and false records to be made, used and presented to the State of Tennessee.

328.   The State of Tennessee, by and through the Tennessee Medicaid program and other state healthcare programs, and unaware of Defendant's conduct, paid the claims submitted by Defendant and/or third parties in connection therewith.

329.   Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Tennessee in connection with Defendant Healogics' conduct.

330. Had the State of Tennessee known that false representations and false records were made with regard to the above conduct, it would not have paid the claims submitted by Defendant Healogics and/or third parties in connection with that conduct.

331. As a result of Defendant's violations of T.C.A §§ 4-18-103 (1),(2),(3),(7) and (9), as well as T.C.A. § 71-5-182(a)(1)(A), (B) and (C), the State of Tennessee has been damaged.

332. Relator McGraw is a private citizen with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to T.C.A §§ 4-18-101, *et seq*., and T.C.A.. § 71-5-183(a)(1) on behalf of the State of Tennessee.

333. This Court is requested to accept pendant jurisdiction of this related State claim as it is predicated upon the same nucleus of operative facts as the federal claim, and merely asserts separate damage to the State of Tennessee in the operation of its Medicaid program.

WHEREFORE, Relator McGraw respectfully requests this Court to award the following relief to the following parties and against Defendant:

To the State of Tennessee:

(1) Three times the amount of actual damages which the State of Tennessee has sustained as a result of Defendant's conduct;

(2) A civil penalty of not less than $5,000 and not more than $25,000 for each false claim Defendant caused to be presented to the State of Tennessee;

(3) Prejudgment interest;

(4) All costs incurred in bringing this action; and

(5) Such further relief as this Court deems equitable and just.

To Relator McGraw:

(1) The maximum amount allowed pursuant to the Tennessee False Claims Act, T.C.A §§ 4-18-101, *et seq.*, and the Tennessee False Medicaid Claims Act, T.C.A. § 71-5-183(c), and/or any other applicable provision of law;

(2) Reimbursement for reasonable expenses which Relator incurred in connection with this action;

(3) An award of reasonable attorneys' fees and costs; and

(4) Such further relief as this Court deems equitable and just.

## COUNT TWENTY-EIGHT
### Texas Medicaid Fraud Prevention Act,
### V.T.C.A. Hum. Res. Code §§ 36.001, *et seq.*

334.    Relator McGraw realleges and incorporates by reference the allegations previously alleged herein.

335.    This is a qui tam action brought by Relator McGraw on behalf of the State of Texas to recover double damages and civil penalties under V.T.C.A. Hum. Res. Code §§ 36.001, *et seq.*

336.    V.T.C.A. Hum. Res. Code § 36.002 provides liability for any person who:

(¹) Knowingly or intentionally makes or causes to be made a false statement or misrepresentation of a material fact:

(a) on an application for a contract, benefit, or payment under the Medicaid program; or

(b) that is intended to be used to determine its eligibility or a benefit or payment under the Medicaid program;

(2) Knowingly or intentionally concealing or failing to disclose an event:

(A) that the person knows affects the initial or continued right to a benefit or payment under the Medicaid program of;

(i)  the person; or

(ii) another person on whose behalf the person has applied for a

benefit or payment or is receiving a benefit or payment; and

    (B) to permit a person to receive a benefit or payment that is not authorized or that is greater than the payment or benefit that is authorized;

  (4) Knowingly or intentionally makes, causes to be made, induces, or seeks to induce the making of a false statement or misrepresentation of material fact concerning:

    (B) information required to be provided by a federal or state law, rule, regulation, or provider agreement pertaining to the Medicaid program;

  (5) Knowingly or intentionally charges, solicits, accepts, or receives, in addition to an amount paid under the Medicaid program, a gift, money, a donation, or other consideration as a condition to the provision of a service or continued service to a Medicaid recipient if the cost of the service provided to the Medicaid recipient is paid for, in whole or in part, under the Medicaid program.

337. Defendant Healogics conspired to, and did in fact, violate V.T.C.A. Hum. Res. Code § 36.002 by knowingly causing false claims and false records to be made, used and presented to the State of Texas and by its deliberate and systematic violation of federal and state laws.

338. The State of Texas, by and through the Texas Medicaid program and other state healthcare programs, and unaware of Defendant Healogics conduct, paid the claims submitted by Defendant and/or third parties in connection therewith.

339. Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Texas in connection with Defendant Healogics' conduct.

340. Had the State of Texas known that false representations and false records were made with regard to the above conduct, it would not have paid the claims submitted by Defendant Healogics and/or third parties in connection with that

conduct.

341. As a result of Defendant Healogics' violations of V.T.C.A. Hum. Res. Code § 36.002, the State of Texas has been damaged.

342. Defendant Healogics did not, within 30 days after they first obtained information as to such violations, furnish such information to officials of the State responsible for investigating false claims violations, did not otherwise fully cooperate with any investigation of the violations, and have not otherwise furnished information to the State regarding the claims for reimbursement at issue.

343. Relator McGraw is a private citizen with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to V.T.C.A. Hum. Res. Code § 36.101 on behalf of the State of Texas.

344. This Court is requested to accept pendant jurisdiction of this related State claim as it is predicated upon the same nucleus of operative facts as the federal claim, and merely asserts separate damage to the State of Texas in the operation of its Medicaid program.

WHEREFORE, Relator McGraw respectfully request this Court to award the following relief to the following parties and against Defendant Healogics:

To the State of Texas:

(1) Two times the amount of actual damages which the State of Texas has sustained as a result of Defendant's conduct;

(2) A civil penalty of not less than $5,500 nor more than $11,000 pursuant to V.T.C.A. Hum. Res. Code § 36.025(a)(3) for each false claim which Defendant Healogics caused to be presented to the State of Texas;

(3) Prejudgment interest;

(4) All costs incurred in bringing this action; and

(5) Such further relief as this Court deems equitable and just.

To Relator McGraw:

(1) The maximum amount allowed pursuant to V.T.C.A. Hum. Res. Code § 36.110, and/or any other applicable provision of law;

(2) Reimbursement for reasonable expenses which Relator incurred in connection with this action;

(3) An award of reasonable attorneys' fees and costs; and

(4) Such further relief as this Court deems equitable and just.

## COUNT TWENTY-NINE
## WASHINGTON STATE MEDICAID FRAUD FALSE CLAIMS ACT

345.    Relator McGraw realleges and incorporates by reference the allegations previously alleged herein.

346.    This is a qui tam action brought by Relator McGraw on behalf of the State of Washington for treble damages and penalties under Washington State Medicaid Fraud False Claims Act, RCW 74.66.020, which provides liability for any person who:

(a) Knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;

(b) Knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;

(c)  Conspires to commit one or more of the violations in this subsection (1)

347.   Defendant Healogics conspired to, and did in fact, violate the Washington State Medicaid Fraud False Claims Act by knowingly causing false claims and false records to be made, used and presented to the State of Washington.

348.   The State of Washington, by and through the Washington Medicaid program and other state healthcare programs, and unaware of Defendant's conduct, paid the claims submitted by Defendant and/or third parties in connection therewith.

349.   Compliance with applicable Medicare, Medicaid and the various other

federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the State of Washington in connection with Defendant's conduct.

350. Had the State of Washington known that false representations and false records were made in regard to the above conduct, it would not have paid the claims submitted by Defendant Healogics and/or third parties in connection with that conduct.

351. As a result of Defendant's violations of the Washington State Medicaid Fraud False Claims Act, the State of Washington has been damaged.

352. Relator McGraw is a private citizen with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to the Washington State Medicaid Fraud False Claims Act on behalf of the State of Washington.

353. This Court is requested to accept pendant jurisdiction of this related State claim as it is predicated upon the same nucleus of operative facts as the federal claim, and merely asserts separate damage to the State of Washington in the operation of its Medicaid program.

WHEREFORE, Relator McGraw respectfully requests this Court to award the following relief to the following parties and against Defendant:

To the State of Washington:

(1) Three times the amount of actual damages which the State of Washington has sustained as a result of Defendant's conduct;

(2) A civil penalty of not less than $5,500 and not more than $11,000 for each false claim which Defendant caused to be presented to the State of Washington;

(3) Prejudgment interest;

(4) All costs incurred in bringing this action; and

(5) Such further relief as this Court deems equitable and just.

To Relator McGraw:

(1) The maximum amount allowed pursuant to the Washington State Medicaid Fraud False Claims Act and/or any other applicable provision of law;

(2) Reimbursement for reasonable expenses which Relator incurred in connection with this action;

(3) An award of reasonable attorneys' fees and costs; and

(4) Such further relief as this Court deems equitable and just.

## COUNT THIRTY
## MASSACHUSETTS FALSE CLAIMS ACT
### Mass. Gen. Laws Ann. Chap. 12 §§ 5A, *et seq.*

354. Relator McGraw realleges and incorporates by reference the allegations previously alleged herein.

355. This is a qui tam action brought by Relator McGraw on behalf of the Commonwealth of Massachusetts for treble damages and penalties under Massachusetts False Claims Act, Mass. Gen. Laws Ann. Chap. 12 §§ 5A, *et seq.*

356. Mass. Gen. Laws Ann. Chap. 12 § 5B provides liability for any person who:

(1) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;

(2) knowingly makes, uses, or causes to be made or used, a false record or statement to obtain payment or approval of a claim by the commonwealth; or

(3) conspires to defraud the commonwealth or any political subdivision thereof through the allowance or payment of a fraudulent claim;

(⁹) is a beneficiary of an inadvertent submission of a false claim to the commonwealth or political subdivision thereof, subsequently discovers the falsity of the claim, and fails to disclose the false claim to the commonwealth or political subdivision within a reasonable time after discovery of the false claim.

357.    Defendant conspired to, and did in fact, violate Mass. Gen. Laws Ann. Chap. 12 § 5B by knowingly causing false claims and false records to be made, used and presented to the Commonwealth of Massachusetts.

358.    The Commonwealth of Massachusetts, by and through the Massachusetts Medicaid program and other state healthcare programs, and unaware of Defendant's conduct, paid the claims submitted by Defendant and/or third parties in connection therewith.

359.    Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the Commonwealth of Massachusetts in connection with Defendant's conduct.

360.    Had the Commonwealth of Massachusetts known that false representations and false records were made with regard to the above conduct, it would not have paid the claims submitted by Defendant and/or third parties in connection with that conduct.

361.    As a result of Defendant Healogics' violations of Mass. Gen. Laws Ann. Chap. 12 § 5B, the Commonwealth of Massachusetts has been damaged.

362.    Relator McGraw is a private citizen with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to Mass. Gen. Laws Ann. Chap. 12 § 5C(2) on behalf of the Commonwealth of Massachusetts.

363.    This Court is requested to accept pendant jurisdiction of this related State claim as it is predicated upon the same nucleus of operative facts as the federal claim, and merely asserts separate damage to the Commonwealth of Massachusetts in the

operation of its Medicaid program.

WHEREFORE, Relator McGraw respectfully requests this Court to award the following relief to the following parties and against Defendant Healogics:

To the Commonwealth of Massachusetts:

(1) Three times the amount of actual damages which the Commonwealth of Massachusetts has sustained as a result of Defendant's conduct;

(2) A civil penalty of not less than $5,000 and not more than $10,000 for each false claim which Defendant caused to be presented to the Commonwealth of Massachusetts;

(3) Prejudgment interest;

(4) All costs incurred in bringing this action; and

(5) Such further relief as this Court deems equitable and just.

To Relator McGraw:

(1) The maximum amount allowed pursuant to Mass. Gen. Laws Ann. Chap. 12, § 5F and/or any other applicable provision of law;

(2) Reimbursement for reasonable expenses which Relator incurred in connection with this action;

(3) An award of reasonable attorneys' fees and costs; and

(4) Such further relief as this Court deems equitable and just.

### COUNT THIRTY-ONE
### VIRGINIA FRAUD AGAINST TAXPAYERS ACT
### Va. Code Ann. §§ 8.01-216.1, *et seq.*

364.    Relator McGraw realleges and incorporates by reference the allegations previously alleged herein.

365.    This is a qui tam action brought by Relator McGraw on behalf of the Commonwealth of Virginia for treble damages and penalties under Virginia Fraud Against Tax Payers Act. Sec. 8.01-216.3a, which provides liability for any person who:

(1) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;

(2) knowingly makes, uses, or causes to be made or used, a false record or statement to obtain payment or approval of a claim by the commonwealth; or;

(3) Conspires to defraud the commonwealth or any political subdivision thereof through the allowance or payment of a fraudulent claim;

(4) is a beneficiary of an inadvertent submission of a false claim to the commonwealth or political subdivision thereof, subsequently discovers the falsity of the claim, and fails to disclose the false claim to the commonwealth or political subdivision within a reasonable time after discovery of the false claim.

366.    Defendant conspired to, and did in fact, violate the Virginia Fraud Against Tax Payers Act §8.01-216.3a by knowingly causing false claims and false records to be made, used and presented to the Commonwealth of Virginia.

367.    The Commonwealth of Virginia, by and through the Virginia Medicaid program and other state healthcare programs, and unaware of Defendant Healogics' conduct, paid the claims submitted by Defendant Healogics and/or third parties in connection therewith.

368.    Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the Commonwealth of Virginia in connection with Defendant Healogics' conduct.

369.    Had the Commonwealth of Virginia known that false representations and false records were made in regard to the above conduct, it would not have paid the claims submitted by Defendant Healogics and/or third parties in connection with that conduct.

370.    As a result of Defendant's violations of Virginia Fraud Against Tax Payers

Act §8.01-216.3a, the Commonwealth of Virginia has been damaged.

371.    Relator McGraw is a private citizens with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to Virginia Fraud Against Tax Payers Act § 8.01-216.3 on behalf of the Commonwealth of Virginia.

372.    This Court is requested to accept pendant jurisdiction of this related State claim as it is predicated upon the same nucleus of operative facts as the federal claim, and merely asserts separate damage to the Commonwealth of Virginia in the operation of its Medicaid program.

WHEREFORE, Relator McGraw respectfully requests this Court to award the following relief to the following parties and against Defendant:

To the Commonwealth of Virginia:

(1) Three times the amount of actual damages which the Commonwealth of Virginia has sustained as a result of Defendant's conduct;

(2) A civil penalty of not less than $5,000 and not more than $10,000 for each false claim which Defendant caused to be presented to the Commonwealth of Virginia;

(3) Prejudgment interest;

(4) All costs incurred in bringing this action; and

(5) Such further relief as this Court deems equitable and just.

To Relator McGraw:

(1) The maximum amount allowed pursuant to Va. Code Ann. §§ 8.01-216.7 and/or any other applicable provision of law;

(2) Reimbursement for reasonable expenses which Relator incurred in connection with this action;

(3) An award of reasonable attorneys' fees and costs; and

(4) Such further relief as this Court deems equitable and just.

## COUNT THIRTY-TWO
## DISTRICT OF COLUMBIA FALSE CLAIMS ACT
### D.C. Code §§ 2-381.01, *et seq.*

373.    Relator McGraw realleges and incorporates by reference the allegations previously alleged herein.

374.    This is a qui tam action brought by Relator McGraw and the District of Columbia to recover treble damages and civil penalties under the District of Columbia False Claims Act, D.C. Code §§ 2-381.01, *et seq*.

375.    549. D.C. Code § 2-381.02(a) provides liability for any person who:

(1)    Knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;

(2)    Knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;

(7)    Conspires to commit a violation of paragraph (1), (2), (3), (4), (5), or (6) of this subsection;

(8)    Is a beneficiary of an inadvertent submission of a false or fraudulent claim to the District, subsequently discovers the falsity of the claim, and fails to disclose the false or fraudulent claim to the District;

376.    Defendant conspired to, and did in fact, violate D.C. Code § 2-381.02(a) by knowingly causing false claims to be made, used and presented to the District of Columbia as well as making, using or causing to made or used false records to get said claims approved or paid, as well as by failing to disclose the false claims or returning amounts owed after discovering the falsity.

377.    The District of Columbia, by and through the District of Columbia Medicaid program and other state healthcare programs, and unaware of Defendant's illegal conduct, paid the claims submitted by Defendant and/or third parties in connection therewith.

378.     Compliance with applicable Medicare, Medicaid and the various other federal and state laws cited herein was an implied, and upon information and belief, also an express condition of payment of claims submitted to the District of Columbia in connection with Defendant's illegal conduct.

379.     Had the District of Columbia known that false representations and false records were made in regard to the above conduct, it would not have paid the claims submitted by Defendant and/or third parties in connection with that conduct.

380.     As a result of Defendant's violations of D.C. Code § 2-381.02(a) the District of Columbia has been damaged.

381.     Relator McGraw is a private citizen with direct and independent knowledge of the allegations of this Complaint, who has brought this action pursuant to D.C. Code §§ 2381.01, *et seq.* on behalf of the District of Columbia.

382.     This Court is requested to accept pendant jurisdiction of this related State claim as it is predicated upon the same nucleus of operative facts as the federal claim, and merely asserts separate damage to the District of Columbia in the operation of its Medicaid program.

WHEREFORE, Relator McGraw respectfully requests this Court to award the following relief to the following parties and against Defendant:

To the District of Columbia:

(1)  Three times the amount of actual damages which the District of Columbia has sustained as a result of Defendant's illegal conduct;

(2)  A civil penalty of not less than $5,000 and not more than $10,000 for each false claim which Defendant caused to be presented to the District of Columbia;

(3)  Prejudgment interest;

(4) All costs incurred in bringing this action; and

(5) Such further relief as this Court deems equitable and just.

To Relator McGraw:

(1) The maximum amount allowed pursuant to D.C. Code §§ 2-381.01, *et seq.* and/or any other applicable provision of law;

(2) Reimbursement for reasonable expenses which Relator incurred in connection with this action;

(3) An award of reasonable attorneys' fees and costs; and

(4) Such further relief as this Court deems equitable and just.

## DEMAND FOR JURY TRIAL

383.    Pursuant to Rule 38 of Federal Rules of Civil Procedure, Plaintiff/Relator hereby demands a trial by jury.

Respectfully submitted,

**ROUSE LAW PC**

By:     */s/Ward A. Rouse*
Ward A. Rouse, IA # AT0006841
4940 Pleasant Street
West Des Moines, IA  50266
(515)  223-9000
(866)  223-9005 *(Facsimile)*
wardrouse@rouselaw.us

**ATTORNEY FOR PLAINTIFF/RELATOR**

**And**

**BRADY & ASSOCIATES**

By:    /s/Mark A. Kistler
       Mark A. Kistler , KS #17171
       *(pro hac vice to follow unsealing of case)*
       Michael F. Brady, KS #18630
       *(pro hac vice to follow unsealing of case)*
       10901 Lowell Ave., Ste. 280
       Overland Park, KS  66210
       (913) 696-0925
       (913) 696-0468 *(Facsimile)*
       mkistler@mbradylaw.com
       brady@mbradylaw.com

**ATTORNEYS FOR PLAINTIFF/RELATOR**